### GUS EVANS v. THE STATE.

#### No. 958. Decided April 15th, 1896.

1. **Arrest on Complaint Before Information Filed.**

It is no ground, of motion to quash an information, that the defendant had been arrested upon the complaint before any information was filed.

2. **Two Days Allowed to File Written Pleadings.**

Art. 567, Code Crim. Proc., provides, that in all cases the defendant shall be allowed two entire days, exclusive of all fractions of a day, after his arrest and during the term of court, to file written pleadings. Held: That a defendant is entitled to two entire days after the filing of an information against him within which to file his pleadings before he can be forced to trial upon the same.

APPEAL from the County Court of Falls. Tried below before Hon. WM. SHELTON, County Judge.

This appeal is from a conviction for keeping and exhibiting a gaming table and bank, the punishment being assessed at a fine of $25, and ten days' imprisonment in the county jail.

No statement necessary.

[No brief for appellant.]

*Mann Trice,* Assistant Attorney-General, for the State.—The complaint was filed September 18th, 1895, and warrant issued; and appellant was arrested the same day. The complaint was the basis of the proceedings. Wood v. State, 27 Tex. Crim. App., 538. Having been arrested under complaint, appellant was not entitled to two days after the information was filed, which was on the 30th of October, 1895. If the information had been the basis of the proceeding appellant's contention might have been correct.

HENDERSON, JUDGE.—Appellant was convicted of exhibiting a gaming table and bank for the purposes of gaming, and his punishment assessed at a fine of $25, and ten days' imprisonment in the county jail, and prosecutes this appeal. The only question that requires to be considered in this case is that presented in appellant's first bill of exceptions. It appears therefrom that the complaint on which the information was predicated was made and sworn to on the 18th of September, 1895; that appellant was arrested on said complaint before any information was filed; and that the information was not in fact made and filed in court until the 30th day of October, 1895. Appellant made a motion to quash the information, on the ground, as he alleges, that he was illegally arrested on said complaint; and he further craved in said motion for the court, if it should hold the arrest a legal one, and the information good, to allow him two days from the time of the filing of the information herein in which to file written pleadings and prepare for trial. Said motion was in all things by the court overruled, and appellant reserved his bill of exceptions. There was no error in the action of the court in refusing to quash the proceedings, but the court should have granted the appellant two days within which to prepare and present his written pleadings in the case. Our Code of Procedure provides the character of written exceptions and motions that may be filed to an information. Article 567 (New Code Crim. Proc.) provides: "In all cases, the defendant shall be allowed two entire days, exclusive of all fractions of a day, after his arrest, and during the term of the court, to file written pleadings." This we understand, under the law, to be a right guarantied a defendant "in all cases;" and it is not necessary for him, in order to protect himself in this guaranty, that he make known to the court what character of written pleadings he may desire to present, or that he desires to present any written pleadings. As we understand it, the statute is intended to afford him the opportunity, after his arrest, to prepare for trial, to examine the legal questions involved in the case, and to determine whether any written pleadings are necessary in the case or not, and to decide upon his course as to the trial of the case. For the refusal of the court to postpone the case for two entire days after the information was filed against him, the judgment of the lower court is reversed, and the cause remanded.

*Reversed and Remanded.*