## JIM WEAVER v. THE STATE.

### No. 3870.   Decided October 30, 1907.

**1.—Robbery—Indictment—Different Counts—Dismissal.**

Where an indictment for robbery charged the various ways by which the offense might be committed under the statute, and the plea in the indictment charging robbery with deadly weapons was dismissed, such dismissal did not operate a dismissal of the entire case.

**2.—Same—Continuance—First Application—Materiality of Testimony.**

Where upon trial for robbery the testimony of the absent witness as set out in defendant's first application for continuance showed that there was nothing taken from the person of the party alleged to have been robbed, etc., and that such absent witness was present at the time of the alleged robbery, etc., the application should have been granted, although the diligence was hardly sufficient.

**3.—Same—Newly Discovered Evidence.**

Where upon motion for new trial it appears that the newly discovered testimony as set out in the attached affidavit excluded the idea of robbery, and the only witness who testified to the robbery was the alleged injured party, a new trial should have been granted.

Appeal from the District Court of Nacogdoches.   Tried below before the Hon. James I. Perkins.

Appeal from a conviction of robbery; penalty, five years imprisonment in the penitentiary.

The opinion states the case.   Leaving out the introductory part of the indictment, and also that portion which charges the theft of the property taken, the same alleged: "that the defendant did then and there unlawfully and willfully make an assault upon the person of A. And then and there by said assault and by violence to the said A, and by putting the said A in fear of life and bodily injury, and then and there by using and exhibiting a knife, said knife then and there being a deadly weapon, did then and there fraudulently, etc."

*S. M. Adams,* for appellant.—Where upon the trial the evidence of the absent witness as set out in the motion for continuance is shown to be material and probably true, though proper diligence has not been used, new trial should be given.   Schultz v. State, 20 Texas Crim. App., 319; Covey v. State, 23 Texas Crim. App., 390; Cox v. State, 5 Texas Crim. App., 119; McAdams v. State, 24 Texas Crim. App., 99; Clark v. State, 30 Texas Crim. App., 378; Ferguson v. State, 31 Texas Crim. Rep., 93.

*F. J. McCord,* Assistant Attorney-General, for the State.

DAVIDSON, Presiding Judge.—The indictment charges appellant with violation of the statute denouncing the punishment for robbery, and charges practically every phase of the statute, including robbery with weapons. When the case was called for trial the State abandoned and dismissed that portion of the indictment which charged robbery by use of deadly weapons. It is contended this dismissed the entire case from the docket, and there was nothing upon which to try the case. This we do not believe to be the law. Where a statute denounces an offense and the different ways by which it might be committed, the pleader may select either or may embody in the indictment all and every means charged in the statute. This disposes of several questions suggested for revision in the way of charges and other rulings.

When the case was called for trial appellant sought to continue the case on account of the absence of the witnesses Spradley and McKnight. By McKnight he expected to show that he was present at the time of the robbery and was within five or six feet of the parties at the time the robbery is said to have been committed, and that defendant nor Will Martin, his codefendant, had a knife or other deadly weapon and that there was nothing taken from the person of the party alleged to have been robbed. That immediately after the difficulty the alleged injured party remarked that he was going to report the defendant and Martin for fighting him, and it was also expected to be shown by this witness that the alleged injured party never had any money prior to the difficulty, as this witness will testify, in this regard, that he sought to get the said alleged injured party to change a ten dollar bill for him and he could not do it. This happened before the difficulty. The party alleged to have been robbed testified upon the trial that appellant and Martin took $25 from him. The alleged injured party is the only witness who testifies to the robbery. Two or three eyewitnesses testified as to the trouble between the parties, but none of them saw either appellant or Martin take any money, and they rather indicate that he did not place his hand on the inside of the alleged injured party's vest-pocket and take the money from his pocket as testified by said injured party, who was a Syrian. The diligence was hardly sufficient; at least, however, while several processes of different sorts were issued for the witnesses, yet it is shown that the witness was absent from the county three weeks prior to the time process was called for, yet this is the first application, and while the testimony is material and may be probably true, the rule in regard to first application as to diligence is not so stringent or strict as with reference to a second application. We are of opinion, under all the facts of the case, that this witness' testimony, if believed by the jury, is material, or if it should raise a reasonable doubt as to the truthfulness of the testimony of the alleged injured party, same might have a very serious bearing upon the case in regard to the verdict of the jury. Therefore, we think a new trial should have been granted when the question was raised on this alleged error of the court in refusing to continue the case.

There is an affidavit attached to the motion for a new trial alleging newly discovered testimony, in which the witness places himself within a few feet of the difficulty, and whose statement, if to be relied upon, or if believed by the jury, was rather of a material character, as the statements he makes in his affidavit tends to exclude the idea of robbery. We are not passing upon the merits of the testimony of these witnesses, but the fact they are of material character, and if believed by the jury, might be of serious consequence and might induce the jury to returned a different verdict, and in view of the fact that the alleged injured party is the only witness who testifies to the robbery, we believe that a new trial should be awarded for another jury to pass upon appellant's case.

For the reasons indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Henderson, Judge, absent.