## W. M. Leonard v. The State.

### No. 4325.    Decided March 11, 1908.

**1.—Theft—Bailment—Escape of Defendant Pending Appeal.**

Where upon appeal from a conviction of theft, the State filed a motion to dismiss the appeal on the ground that pending such appeal appellant had escaped from the custody of the sheriff, and had been recaptured and returned to jail; and appellant showed by affidavits that he escaped to make bond and had no intention to get away. Held, that in view that defendant was in custody, etc., the motion to dismiss is overruled.

**2.—Same—Charge of Court—Evidence—General Reputation.**

Where upon trial for theft, the charge of the court fairly applied the law to the facts, and admitted evidence of defendant's general reputation for honesty, there was no error; and the court properly excluded testimony, with reference to isolated acts of defendant showing such honesty.

**3.—Same—Continuance—First Application—Diligence—Materiality of Testimony—Absence of Witness by Procurement of Defendant.**

Where upon trial for theft, defendant's first application for continuance showed sufficient diligence; that the witness was not absent by his consent or procurement, and that the testimony was material, the motion should have been granted, although in the opinion of the trial court the witness was absent by the procurement of the defendant, the record being against such an opinion.

Appeal from the District Court of Bowie. Tried below before the Hon. P. A. Turner.

Appeal from a conviction of theft; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Rodgers & Dorough,* for appellant.—On question of continuance: Weaver v. State, 52 Texas Crim. Rep., 11; 105 S. W. Rep., 189

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was charged in the District Court of Bowie County, with the offense of theft, as a bailee, the charge being, in substance, that having, as deputy constable, arrested one L. F. Dick-

son, he received from Dickson the sum of $155 in money, and that same came into his possession by virtue of his office, and was by him fraudulently converted to his own use. The indictment was returned on the 3rd day of December, 1907. The case was called for trial on January 9, 1908, and a verdict of guilty was returned against appellant on January 10, 1908, assessing his punishment at confinement in the penitentiary for five years.

A motion was made by the assistant attorney-general to dismiss the appeal on the ground that pending such appeal, appellant had escaped from the custody of the sheriff, and was recaptured and returned to jail; and attaches thereto the affidavit of J. F. Rochellee, sheriff of Bowie County, in which it is stated, in substance, that on the 7th day of February, 1908, the appellant did effect his escape from jail, fleeing from the town of Boston, where said jail was located, to the City of Texarkana, a distance of some twenty-two miles, where he was on the next day arrested and recaptured, and taken from hiding in a closet in his home. In reply to this, many affidavits are filed, including that of appellant, in which the insistence is strongly made that his escape was with no intention of getting away, but solely and only for the purpose of getting out to make bond, and with the intention of surrendering himself to the due process of law. The district clerk certifies of date February 24, 1908, that appellant was at that time in the custody of the sheriff of Bowie County in the jail at Boston, Texas. We have had some doubt as to whether we ought to dismiss the appeal, but in view of the showing made by appellant, and the fact that he is yet in custody we have concluded that we ought not to dismiss his appeal and deny to him the benefit of a revision of his case.

Many questions are raised in the record, but few of them are presented in such way as to require attention at our hands. The charge of the court seems to have been a fair presentation of the law applicable to the facts of the case, and under the evidence we think the court did not err in refusing to give the special charges requested by counsel for appellant, which mainly relate to the supposed failure in the testimony to sufficiently describe the character and kind of money stolen; nor do we believe there was any error on the part of the court in excluding the proposed testimony of the witnesses, Watlington and Dunn. Both of the witnesses, Watlington and Dunn, were permitted to testify and did testify that they were acquainted with the general reputation of appellant for honesty and integrity in the community where he lived, and that such reputation was good. They were each asked the further question, as to whether they had ever heard of the defendant failing to return any property that he had taken from the person of any one under arrest. This was objected to, and the objection was properly sustained. The court was only authorized to permit testimony as to the general reputation of the appellant.

There are some other exceptions in the record, but they are so gen-

eral and of such a character that we are unable to determine just what the objections were which we are asked to review.

An application for continuance was made in the case, which we think should have been granted. As stated, the indictment in the case was returned on December 3, 1907. Appellant filed, when his case was called for trial, his first application for a continuance on account of the absence of one Jud Levy, who was alleged to reside in Texarkana, Bowie County, Texas. It was stated in the application for continuance that a subpœna was issued in behalf of the State for this witness, and was served on him on December 3, 1907. The court, however, finds against this statement; and in view of the fact that no such subpœna is in the record, we accept the finding of the trial court. It is also alleged in the application for continuance that on the 27th day of December, 1907, defendant caused a subpœna to be issued for said witness,, which was returned by the sheriff with the indorsement that said witness could not be found, and that thereafter on the first day of January, 1908, appellant caused to be issued an attachment for said witness. The application for continuance stated that appellant could prove by said witness, Jud Levy, and that he would testify that $4.06 was all the money which he took from the person of the prosecuting witness, and that the said Jud Levy was present, and the only one continuously present from the time said Dickson was arrested until he was placed in jail by appellant, and that appellant at no time took $155 from the person or possession of said Dickson, or any other sum, except the said $4.06. The application contained all the statutory requirements. Attached to this application was a subpœna issued by the district clerk of Bowie County, Texas, on the 27th day of December, 1907, returnable on December 30, 1907. It was returned served on the 28th day of December, 1907, as to all the witnesses, except Jud Levy, whom the sheriff stated could not be found after diligent search. There was no contest of this application filed at the time it was presented. On motion for a new trial, however, the district attorney did contest the motion in so far as it was based on the supposed error of the court in not granting the application for continuance, on the ground, as stated in his contest, that the witness, Jud Levy, was absent with the consent and procurement of the defendant. A number of witnesses were examined and much evidence heard on the contest so made. ` That Levy lived in Texarkana at the time process was issued for him there seems to have been no question. That he was in Texarkana on the 27th and 28th of December, 1907, there seems to be no doubt. He states that he left Texarkana for Mena, Ark., to be gone a few days, on December 29th, and he seems to have returned home on the day or about the day that appellant was being tried in Boston, some twenty-two miles away. Among others, Tom Watlington testified that appellant, as well as Mr. Peters (deputy sheriff) both asked him to hunt or look for Levy, which he says he did, but did not find him. Peters, the deputy sheriff, states, in substance, that he made diligent search and inquiry for the witness Levy; that

he went to the house where the missing witness lived, but found the door locked, and nobody at home, and that he saw Levy for the first time on Sunday morning after appellant was tried; that this was the first time he had seen the witness after he had a subpœna for him, there being an interval of something like three weeks. The witness Walker testified he was a policeman and knew Levy very well, and that the deputy sheriff Peters gave him a subpœna one night for him, and asked him to try and locate Levy, but that he could not do it; that he had known Levy for some eighteen years. He also says that before the trial, appellant came to him, and asked him to assist in locating Levy; that he said, "You know Jud; help me locate him as a witness." Jack Porterfield was introduced, who testified that he knew Levy, but did not see anything of him about the time he was wanted as a witness.

Hon. H. W. Vaughan, the district attorney, was sworn and testified in substance that on Saturday night, January 4, 1908, that he saw Levy in Texarkana, talking with several of the policemen on Stuart's corner; that on this night a Mr. Dunn said to him that Levy was in town right then, hid out or locked up, but as soon as the trial was over he would show up. Levy testified on this contest, and stated that he went to Mena, Ark., on Sunday, the 29th day of December. He says that he remained there some four or five days, but that when he did return, the Leonard trial was finished; that he had never been subpœned as a witness in the case; that he knew Leonard and knew he was under indictment, but did not leave because he was under indictment. His statement on hearing of the contest fully confirms and corroborates the nature and character of the testimony which it is stated in application for continuance he would have given. He further says, in express terms, that he was not absent by procurement or consent of the defendant; that he did not advise him to go, and did not advise him to stay away from the court, and did not ask him to leave; that he went with his own accord. In approving this bill of exceptions, the judge, in effect, says, that on December 30, 1907, the case was set for trial for January 9, 1908; that the defendant and Jud Levy both lived in Texarkana, and were close friends. He further says, *"In my opinion* the witness knew the criminal docket was set for December 30, 1907." The other witnesses, he says, who lived in Texarkana, were summoned on December 28th, to appear December 30th. He then adds, *"In my opinion,* Levy heard of this, and on Sunday, December 29th, he left Texarkana and went to Mena without any business." He further says, he stayed in Texarkana for eight or ten days before the trial, but no officer could find him. He was seen, says the court, by the district attorney on the streets of Texarkana, Saturday night, the 11th of January, and was seen every day after that. He then adds, "There is no doubt he was hiding out with the consent of defendant for him to get a continuance. He was never served." He further says, "The defendant used no diligence to get the witness, and he was absent by the consent and procurement of the defendant, in my opinion. I have no doubt of this." He further adds, that the injured

party was a transient person and would probably never appear after this term, if a continuance could be secured. We have, as we should have, great respect for any finding of fact by the trial court, and if there was any evidence taken on this contest supporting such finding, we would not hesitate to uphold the conclusion of the trial judge, but in view of the record, as it comes before us, the testimony of the deputy sheriff and policemen that they had been searching for this witness as requested by appellant, appellant's affidavit that the witness was not absent by his consent or procurement, and a similar affidavit of the missing witness, and with no statement from any one to the contrary, we can scarcely bring ourselves to believe that the opinion of the trial court on this question is supported by the record. It was the first application for a continuance. The testimony, if true, was of vital importance. The court may have known, and his findings seem to indicate, that the missing witness was not of the best and highest repute; but it was not for the court to say that the testimony would or would not be believed by the jury.

In the case of Weaver v. State, 52 Texas Crim. Rep., 11; 105 S. W. Rep., 189, this court had before it a question quite similar to that here. In that case as in this, the alleged injured party is the only witness who testified to the theft, and the facts which it was sought to be proved by the witness McKnight, on account of whose absence a continuance was sought, were of a character very similar to the testimony which was offered to be adduced through the witness, Jud Levy. In passing on the application in that case, the court say: "The diligence was hardly sufficient. At least, however, while several processes of different sorts were issued for the witnesses, yet it is shown that the witness was absent from the county three weeks prior to the time process was called for, yet this is the first application, and, while the testimony is material and may be probably true, the rule in regard to first application as to diligence is not so stringent or strict as with reference to a second application. We are of opinion, under all the facts of the case, that this witness' testimony, if believed by the jury, is material, or, if it should raise a reasonable doubt as to the truthfulness of the testimony of the alleged injured party, same might have a very serious bearing upon the case in regard to the verdict of the jury. Therefore, we think a new trial should have been granted when the question was raised on this alleged error of the court in refusing to continue the case." Here the diligence could hardly be said to be insufficient. It was sufficient to secure service of all the other witnesses sought by appellant, included in the subpœna issued the same day, and but for the temporary absence of Jud Levy, could and no doubt would have been served on him. From the 27th day of December, 1907, until the case was tried was two weeks. Besides, an attachment was issued for the missing witness, as shown in the record, on January 1, 1908. Under all the circumstances, it seems to us that the court was in error in overruling this application for continuance.

So believing, it is ordered that the judgment of the court below be and the same is hereby reversed and the cause is remanded.

*Reversed and remanded.*