work the public road, and appealed. Reversed and remanded.

A. L. Beason, of Anahuac, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. [1] Appellant was convicted by the court, having waived a jury, for failing to work a public road in road precinct No. 14. When the testimony was finished, the court immediately announced his conclusion of guilt. Appellant's counsel immediately demanded the right to be heard in argument on the case both as to the law and facts. This the court declined to hear, because he said he had announced his conclusion. The bill of exceptions makes it apparent that the whole thing immediately followed the close of the testimony, and appellant was in time in his demand; he had not waived it but was urgently insisting upon being heard. The Constitution, art. 1, § 10, expressly provides that the accused shall have the right of being heard by himself or counsel, or both. The courts, in passing upon this question, say this is a valuable right of which the appellant can under no circumstances be deprived. Of course he can waive it, but he has a right to be heard unless he waives it. In support of this we will cite several cases: Roe v. State, 25 Tex. App. 33, 8 S. W. 463; Tooke v. State, 23 Tex. App. 10, 3 S. W. 782; Reeves v. State, 34 Tex. Cr. R. 483, 31 S. W. 382; Spangler v. State, 42 Tex. Cr. R. 233, 61 S. W. 314. If it were necessary to cite authorities to sustain the plainly reserved right in the Constitution, these authorities are sufficient, but it is the rule, as shown in the discussion of these cases by the writers of the opinions, where many of the authorities are collated, as well as by the Constitution.

[2] There is another question, it occurs to us, which ought to have been sustained by the court, or rather that his judgment is erroneous in finding appellant guilty. Appellant did not work the road, and indirectly he received a summons to work it, but he did not live in the road precinct if the testimony of the witnesses is to be credited. The road overseer sent a written summons to him, which was not signed as road overseer, or in any way indicating it to be official, but still this summons reached the appellant at the residence of a man named Watson. It was sent there for the purpose of summoning appellant to work upon the road on the theory and under the belief that that was his home, and under that view of it, if it was true, appellant lived within the bounds of the road district. But Mr. Watson, as did another Watson, testified that appellant did not make his home at that place; that he was in the employ of another man and working with and in boats on the bay most of the time; that he did not even keep his clothing or washing or anything of that sort at Watson's.

In fact, in addition to this, the state's evidence shows that he was a transient person, and it may be stated here that Watson testified for the state (at least one of the Watsons did), and another Watson testified for the defendant. Their testimony was practically identical. Under this state of facts we do not believe appellant should be convicted. Certainly the state would have to show that he was subject to road duty and that he lived, within the contemplation of the statute, within the bounds of the road precinct a sufficient length of time to constitute him a road hand.

The judgment is reversed, and the cause is remanded.

GRAHAM v. STATE.

(Court of Criminal Appeals of Texas. Nov. 12, 1913.)

1. CRIMINAL LAW (§ 265*)—PLEADING OF ACCUSED—TIME OF FILING.

Under the statute, an accused is entitled to two days within which to prepare and file his pleadings after the information is filed.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 616, 617; Dec. Dig. § 265.*]

2. CRIMINAL LAW (§ 589*)—CONTINUANCE—GROUNDS.

Where an application for continuance showed that accused was not mentally or physically able to be tried, and could not be of any assistance to his counsel at trial because of his mental condition, and probably could not be placed upon the witness stand, a continuance should have been granted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1315, 1319; Dec. Dig. § 589.*]

3. CRIMINAL LAW (§ 1086*)—APPEAL—RECORD—RECITAL OF PROCEEDINGS.

The record should clearly show by whom the prosecution was conducted, and should explain and make clear the doubt as to the exact nature of the proceedings, where the information was signed by a private prosecutor and the state appeared by special county attorney, but the record seemed to show that the county attorney conducted the case in part, and officially signed the statement of facts.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2736–2769, 2770, 2772, 2794; Dec. Dig. § 1086.*]

4. CRIMINAL LAW (§ 1110*)—APPEAL—BILLS OF EXCEPTION—QUALIFICATIONS BY COURT.

The trial judge could not qualify bills of exception by stating facts dehors the record; it being necessary that he testify to such facts like any other witness.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2903–2917, 2919; Dec. Dig. § 1110.*]

5. ASSAULT AND BATTERY (§ 80*)—ISSUES AND PROOF.

Where the information charged the accused with whipping his wife with a broomstick, dipper, and with his fist, and the state elected to try accused for an assault committed on a particular date, in a particular manner, it must prove that the assault was committed on that date by the means alleged.

[Ed. Note.—For other cases, see Assault and Battery, Cent. Dig. § 126; Dec. Dig. § 80.*]

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

6. CRIMINAL LAW (§ 220*)—COMPLAINT.

If a complaint is attacked as not officially signed by the officer taking it, etc., so as to raise a serious question of its legality on that ground, it is the better and safer practice to file a new, unquestioned complaint, or other papers, as the case may be, to prevent incumbering the record with numerous papers, the validity of which is uncontroverted.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 456; Dec. Dig. § 220.*]

Appeal from Collingsworth County Court; R. H. Cocke, Jr., Judge.

Ralph Graham was convicted of aggravated assault and battery upon his wife, and appealed. Reversed and remanded.

Templeton & Templeton, of Wellington, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, J. Appellant was convicted of aggravated assault and battery upon his wife.

[1] The complaint and information both charge that the assault was committed with a broomstick, a dipper, and with his fist. This complaint was filed on the 11th of June, 1913. The information was filed on June 16th. The trial was had on June 16th. When the information was filed appellant insisted upon having his two days authorized by the statute in which to prepare and file written pleadings. This was overruled by the court, and exception reserved. This was error. The authorities sustain appellant's proposition that he is entitled to two days in which to prepare and file his written pleadings after the filing of the information. Evans v. State, 36 Tex. Cr. R. 32, 35 S. W. 169; Whitesides v. State, 44 Tex. Cr. R. 410, 71 S. W. 969; Holden v. State, 44 Tex. Cr. R. 383, 71 S. W. 600; McFadin v. State, 44 Tex. Cr. R. 471, 72 S. W. 172; Lightfoot v. State, 77 S. W. 793; Johnson v. State, 49 S. W. 619; King v. State, 56 S. W. 926. The statute guarantees this right.

When the case was called for trial appellant also filed his application for a continuance for the testimony of his father. It is unnecessary to discuss that matter, as the presence of the absent witness or his testimony can be obtained upon another trial.

[2] There was another application filed for continuance by R. L. Templeton. This application sets up the fact that defendant was neither physically nor mentally able to undergo the ordeal of his trial. The statement of facts shows he was in such condition that he was not, and could not perhaps be, placed upon the witness stand to testify. The wife of appellant was the only witness introduced during the trial. She testified to the facts of the assault, and stated that he was crazy, and that she had always regarded him as insane from the time that she married him, and so regarded him at the time of the trial. While this language of the witness may be a little strong, yet it tends strongly to support the application signed by the affiant, Templeton, that appellant was not in a condition to be tried, and he could not be of any assistance to his counsel during the trial. Taking these two applications for a continuance together, and especially the latter one, we are of opinion the court should not have tried appellant at the time that he was tried.

[3] The information was not signed by the county attorney, but was signed by private prosecutor in the case. It seems he was employed by the people of the community to prosecute. There is a recitation in the judgment to this effect: "The state of Texas appeared by J. L. Lackey as special county attorney, who was appointed by the court on account of the absence of the county attorney, and the defendant appeared in person and announced not ready for trial, and asking two full days in which to file motion pleadings," etc. An inspection of the trial of the case seems to indicate that the county attorney, Small, was present and conducted the case; at least, he contested, over his official signature, matters set up by defendant's counsel, and signs the statement of facts officially. Upon another trial this matter should be corrected, and the record not left in the condition of controverting matters of this sort when there is no occasion for it, but where controversies of this sort do occur, the record ought to make it plainly to appear why such things do occur.

[4] There are several bills of exception to the introduction of testimony. The judge qualifies these bills, which were not accepted by counsel for appellant. In the qualification to one of the bills the court states a lot of facts, or what purports to be facts, that are dehors the record, and about which he was not authorized to qualify the bills of exception, because they were independent statements, and if these were facts, and were thought necessary to be stated in the connection in which they are used, he would have to testify like any other witness upon the controverted points. This question has been before the court on several occasions, and Judge Ramsey wrote an elaborate opinion upon this phase of the law in Leonard v. State, 53 Tex. Cr. R. 187, 109 S. W. 149.

[5] It will be recollected that the information charges appellant with whipping his wife with a broomstick, dipper, and with his fist. On the occasion upon which one of the bills of exception states the prosecution elected to try appellant he did not strike her with a broomstick, nor with a dipper. He struck her in another trouble they had with a broomstick, but that was in March, and on another occasion with a dipper, but not upon the occasion which the bill of exceptions states the prosecution elected to try appellant. It was necessary under the allegations to prove, under the election by the state, that the assault was committed on the par-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ticular date by some of the means alleged. Evidence of previous occasions would not sustain nor be permissible, although on those previous occasions he may have used a broomstick or dipper. Wherever the state elects the occasion as a basis for conviction, the testimony must correspond to that election, and must fit that occasion; other matters will not be permissible. There is also shown by a bill of exceptions that on the 11th of June, which seems to have been the occasion selected by the state, he struck his wife with a razor strop. This could not be the basis of conviction, because it was not alleged in the complaint or information. We want to say that under this information, and the election by the state under this information, when the state confines its investigation or its basis for conviction to the date alleged, it will be limited in investigation to that particular transaction. This matter has been frequently before the court. One of the earlier cases is Lunn v. State, 44 Tex. 85. That case has been followed in quite a number of cases, even down to date.

[6] There is a question raised over which a contest arose that the complaint was not signed officially by the officer, if an officer, who took it, and the seal of his office was not attached. He purports to have signed it as county clerk. So we have the complaint and information both questioned, and testimony in regard to it and matters left in doubt. Instead of having these matters to arise and complicate records with them, if serious questions occur along these lines it is safest and best to prevent cumbersome records by filing new and unquestioned complaint and information, or uncontroverted papers wherever that is permissible. Controversies of that sort only tend to incumber records without any good to be accomplished. Filing corrected papers in case of such controversies avoids such complications.

For the errors indicated, the judgment is reversed and the cause is remanded.