## S. F. Lagow v. The State.

### No. 4515.  Decided June 6, 1917.

**1.—Aiding Escape—Evidence—Local Option—Moral Turpitude.**

Upon trial of aiding the escape of a prisoner from jail, it was reversible error to permit the State on cross-examination of defendant, in the absence of any testimony that local option was in effect in the county of the prosecution at the time inquired about, whether or not defendant had been indicted in the last two years in said county for violating the local option laws, as the judge could not judicially know that local option was in effect, and that the felony statute applied and affected defendant's credibility as a witness.  Fol-

lowing Leonard v. State, 53 Texas Crim. Rep., 187, 109 S. W. Rep., 149, and other cases.   Prendergast, Judge, dissenting.

**2.—Same—Argument of Counsel—Practice in the District Court.**

Where, upon trial of aiding the escape of a prisoner from the jail, it was more than doubtful that the evidence was sufficient to sustain the conviction, the argument of State's counsel to the effect that the jury knew defendant was guilty because the officers had been chasing him for some time for violating the local option laws, there being no testimony that local option was in effect, the same was reversible error.   Prendergast, Judge, dissenting.

Appeal from the District Court of Hale.   Tried below before the Hon. R. C. Joiner.

Appeal from the conviction of aiding the escape of a prisoner in jail; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Y. W. Holmes* and *W. W. Kirk,* for appellant.—On question of local option being in force and credibility of defendant as a witness:   Hightower v. State, 60 Texas Crim. Rep., 109, 131 S. W. Rep., 324; Kirksey v. State, 135 S. W. Rep., 124, and cases cited in opinion.

On question of the insufficiency of the evidence:   Smith v. State, 117 S. W. Rep., 966; McKinley v. State, 106 S. W. Rep., 342; Smith v. State, 68 S. W. Rep., 995.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted under a charge that he conveyed a file to Joe Crockett, who was confined in the jail under a charge of felony, and for the purpose and with the intent of aiding Joe Crockett to escape from the jail.

A bill of exceptions recites that, "while appellant was on the witness stand, and after testifying in his own behalf, he was asked on cross-examination by State's counsel, in the absence of any testimony that local option was in effect in Hale County, Texas, at the time inquired about, whether or not he had been indicted in the last two years in Hale County for violating the local option laws."   Various and sundry exceptions were reserved to this, among others, that there was no evidence to the effect that local option was in effect.   This was offered presumably for the purpose of impeaching appellant.   This bill is qualified by the judge in the following language:   "The violation of the local option law being a felony in Hale County, the question was permitted as affecting the credibility of the defendant while a witness on the stand and in the court's charge said testimony was so limited."   If the judge desired to testify in the case he should have been sworn as any other witness in regard to matters of this character.   The court can not judicially know that local option was in effect.   This has been so often decided it would seem unnecessary to refer to the authorities. If as a matter of fact the felony statute with reference to local option

was in effect in that county, it should have been shown as required by law. That law can not be put into operation except by special election held for that purpose. The courts do not judicially know that such election has been held. It must be proved as required by law. The court's qualification under the authorities can not be considered. Leonard v. State, 109 S. W. Rep., 149; Graham v. State, 72 Texas Crim. Rep., 9, 160 S. W. Rep., 714. If local option was in effect in the county, it could not be used as a matter of impeachment if under the misdemeanor statute, but in no event could the judge take judicial knowledge of the fact that it was in effect either as a misdemeanor or a felony. As this matter is presented appellant could not be impeached in the manner that the bill indicates.

Another bill recites that the district attorney in his opening argument stated to the jury: "You know the defendant is guilty, because the officers have been 'chousing' him for the last five or six years for violating the local option laws." Various objections were urged to this matter. "The court instructed the jury not to consider any statement made by the district attorney concerning the defendant's being 'choused' for violating the local option laws." This is the bill of exceptions as copied in the record. The previous bill recited there was no testimony offered on the trial as to the local option law being in effect in that county. This is a case of circumstantial evidence, weak and inconclusive in its nature. It is on close lines if not more than doubtful that the evidence is sufficient. The matters complained of in the two bills mentioned may have had the effect of turning the scale against appellant in the minds of the jury. Counsel will not be permitted to state facts in his argument that are not in evidence, and especially if it has a tendency to damage the defendant before the jury.

For the reasons indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

July 19, 1917.

PRENDERGAST, JUDGE (dissenting).—I can not imagine how anyone who would read the testimony in this case could even suggest that the evidence of appellant's guilt was "weak and inconclusive in its nature, and on close lines if not more than doubtful if it is sufficient," as is stated in the majority opinion. The appellant made no such contention in his motions for a new trial nor otherwise.

The State's testimony by wholly disinterested witnesses showed that there were some three persons confined in jail, and one or more of them had been so confined for many months, and they all wanted to escape. In some way they had secured a key and some files and were working on the key with these files so that they could make the key fit the lock and thereby escape, when appellant was arrested and placed in jail with them. The files they had were too large to file the key in such a way as to make it fit the lock. This was made known to appellant by them when he was placed in jail. He told them he had a

new file just the right size. He was kept in jail just one day and night. As soon as he got out he procured the file he had told them of, and succeeded in getting it to these parties in jail by throwing it at a window so that they could and did reach and get it therewith to file the key they were working on, make it fit the lock and thereby open the jail door and escape. In some way the officers learned all this and by searching the jail found and identified this file appellant had conveyed to them before they succeeded in escaping. There can be no sort of doubt but that the evidence was clearly sufficient to sustain his conviction, and as stated he did not contend it was not.

The bill to his being required to answer that he had been indicted for illegally selling intoxicating liquor in Hale County within two years is not correctly stated in the majority opinion. I will copy the whole of it, merely omitting the heading, which gives the number and style of the cause and the term of court. It is: "Be it remembered that, on the trial of the above entitled and numbered cause, while the defendant, S. F. Lagow, was on the witness stand, and after testifying as a witness in his own behalf, he was asked on cross-examination by State's counsel, in the absence of any testimony that local option was in effect in Hale County, Texas, at the time inquired about, whether or not he had been indicted in the last two years in Hale County for violating the local option laws, to which question, when asked, and the answer sought to be elicited, the defendant objected and excepted, because, even if a felony in Hale County, a violation of the local option law is not of that grade of felony as involves moral turpitude, and is inadmissible as touching the credibility of the witness, the weight to be given his testimony or to impeach him; which objection the court overruled and permitted the defendant to answer that he had.

"To which action of the court in overruling the above objection and exception, the defendant then and there in open court excepted, and now tenders his bill of exceptions No. 2, and asks that same be examined, approved and ordered filed.

"Y. W. Holmes and W. W. Kirk,
"Attorneys for defendant.

"Examined, approved and ordered filed, this the 16th day of April, 1917, with the following qualifications. The violation of the local option law being a felony in Hale County, the question was permitted as affecting the credibility of the defendant while as a witness on the stand and in the court's charge said testimony was so limited.
"R. C. Joiner,
"Judge Presiding."

It is seen from this that the sole "various and sundry exceptions" stated in the majority opinion were "because, even if a felony in Hale County, a violation of the local option law is not that grade of felony as involves moral turpitude." It has always heretofore in a very great number of cases been held by this court, that the defendant, or any

other witness, can be impeached by showing he has theretofore been indicted for *any felony,* whether that *felony* involved moral turpitude or not, and that such defendant or witness can also be thus impeached by proving he had been legally prosecuted for any *misdemeanor* involving *moral turpitude.* 1 Branch in Br. Ann. P. C., p. 101, collates only a few of the great number of the cases. There is no case to the contrary.

The judge's qualification was accepted by appellant without any objection, in any way, either in this or the lower court. In fact, his bill in effect concedes the selling of liquor was a felony. His sole objection was that it "was not that grade of felony which involved moral turpitude." So that the cases of Leonard v. State, 55 Texas Crim. Rep., 187, 109 S. W. Rep., 149, and Graham v. State, 16 S. W. Rep., 714, have no application whatever.

The other bill to the remarks of the district attorney is too trivial to even merit mention, much less be made a ground for reversal. I quote it: "Be it remembered that, on the trial of the above entitled and numbered cause, while making his opening argument to the jury, the district attorney made the following statement: 'You know the defendant is guilty, because the officers have been "chousing" him for the last five or six years for violating the local option laws.' To which statement, when made, counsel for defendant immediately objected and excepted, because said statement was unsupported by the evidence and was highly prejudicial to the defendant; whereupon, the court instructed the jury not to consider any statement made by the district attorney concerning the defendant being 'choused' for violating the local option laws.

"To which statement made by the district attorney, the defendant then and there excepted in open court, and now tenders his bill of exception No. 3, and asks that same be examined, approved and ordered filed as part of the record in this case.

                    "Y. W. Holmes and W. W. Kirk,
                              "Attorneys for defendant.

"Examined, approved and ordered filed, this the 14th day of April, 1917.

                              "R. C. Joiner,
                              "Judge Presiding."

Appellant was assessed the lowest punishment for the crime he had, as the evidence shows, without any doubt, purposely, intentionally and deliberately committed. Bass v. State, 16 Texas Crim. App., 62; Pierson v. State, 18 Texas Crim. App., 524; Tweedle v. State, 29 Texas Crim. App., 586; House v. State, 19 Texas Crim. App., 227; Mooney v. State, 76 Texas Crim. Rep., 539, 176 S. W. Rep., 52. There is no need to collate the cases. They are innumerable. I am confident no

case can be found in the books that will sustain the majority opinion herein on this point.

This case should have been affirmed. I dissent to its reversal.