gency to show that in the matter of transporting the liquor he and the negro acted together. We believe that the evidence upon which the conviction rests is not sufficient to overcome the presumption of innocence.

The judgment is therefore reversed, and the cause remanded.

#### On Motion for Rehearing.

State's counsel insist that, though the evidence may not be adequate to show that appellant transported the suit case containing the whisky, it is sufficient to support the theory that he transported the quart of whisky which was found in his pocket. The negro from whom the officer had bought some whisky was seen on the gallery of what is called the "commissary," and a white man was with him. The suit case was on the gallery. The evidence is silent touching any removal of the suit case which contained several bottles of whisky.

The state relies upon the declaration of the witness Garza that—

"We got a suit case containing several bottles of whisky from them, and one bottle out of the white man's pocket. * * * They were near the porch of the commissary when we arrested them"

and upon the testimony of Soto, the officer who made the arrest, that—

" * * * the defendant and the negro, Jesse Gardley, had started away and had only gone a short distance. I followed them and arrested them. * * * I took from them the suit case, * * * which contained ten bottles of corn whisky, and the white man had one bottle of corn whisky in his pocket."

The witness testified further:

"I simply arrested him and found the whisky on him, but can't say where nor when he got it, and can't say whether he got it from the negro on the commissary gallery or not, and can't say he moved the whisky any distance whatever."

Neither of the witnesses explained what they meant by a short distance, nor did they make it plain that the suit case was moved at all, and from the state of the record we are unable to reach a different conclusion from that expressed in the original opinion.

The motion is overruled.

---

#### ROSBOROUGH v. STATE. (No. 7354.)

(Court of Criminal Appeals of Texas. Feb. 14, 1923.)

Criminal law &ecirc;&rarr;714—Prosecutor's statement that grand jury had passed on prosecuting witness' guilt held error.

In a prosecution for selling intoxicating liquor, the prosecuting officer's argument that the question whether prosecuting witness was the guilty man, as contended by defendant, had been fully considered and passed on by the grand jury, *held* reversible error.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Alex Rosborough was convicted for unlawful sale of intoxicating liquor, and he appeals. Reversed and remanded.

Davidson, Blalock & Blalock, of Marshall, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. Conviction is for the unlawful sale of intoxicating liquor; punishment fixed at confinement in the penitentiary for one year.

Richard Edwards was named as the purchaser. He was the keeper of a store and domino hall combined. The sheriff was informed that there was gaming at Edwards' place, and went there to investigate. He found no gaming, but on going into the back room he smelled whisky, and found a gallon jug full in a meal bin and a quart bottle on the shelf, though not exposed to view. Edwards claimed that he had bought the liquor from a person whose name he did not know, but who had not been gone long enough to have traveled very far. The sheriff and Edwards together rode out to a point some six miles distant, and overtook the appellant, who was traveling in a buggy. In the buggy there was found a sack containing a gallon jug which was empty, and which smelled like it had contained whisky and in his pocket the appellant had a small bottle, less than a half pint, filled with whisky.

Edwards testified that he got a gallon of whisky from the appellant, though he did not previously know him; that he bought a gallon and paid $8 for it, and that appellant also left a quart bottle of whisky; that appellant had the whisky in a stone jug, but it was transferred from that jug to another jug of the same size belonging to Edwards; that the quart of whisky was not purchased, but had been left with the witness. The witness said that when the sheriff came and arrested him he told how he acquired the whisky.

Appellant testified that he lived nine miles from town; that he had gone to town in a buggy on an errand; that on his return he stopped at the store of the witness Edwards to get some tobacco; that he also bought a half-pint bottle of whisky from Edwards, for which he paid him $1; that Edwards put a sack in his buggy, and asked him to throw it out on the road; that the sack had an empty jug in it, and appellant decided that he could use the jug, and therefore did not throw it out.

Several witnesses testified that they had

seen the appellant on the day that the offense took place in a buggy, and had ridden with him on the way to town; that they saw no whisky nor any package which could have contained a gallon of whisky in his buggy.

The prosecuting officer in his argument used this language:

"They say Richard Edwards is the guilty man, and the man who should be tried here instead of the defendant. This whole thing has been thrashed out and fully considered by one of the best grand juries this county ever had. They are the ones who passed on that; a grand jury with Rev. J. M. Black as foreman, and composed of such men as Dr. J. F. Rosborough."

Exception was reserved, and the court verbally instructed the jury not to consider the remarks. We regard them as being in a class, however, that cannot be withdrawn. To the jury the remarks meant that the grand jury had investigated the culpability of the witness Edwards, and had found him not guilty. This was not only new testimony, but it was a kind of testimony that would not have been received had it been offered in open court through the mouth of a witness. It was harmful in that it was calculated to influence the jury in accepting the state's theory rather than that of the appellant. Lagow v. State, 81 Tex. Cr. R. 460, 197 S. W. 217; White v. State, 82 Tex. Cr. R. 274, 198 S. W. 964; Kelley v. State, 86 Tex. Cr. R. 281, 216 S. W. 188; Scitern v. State, 87 Tex. Cr. R. 112, 219 S. W. 833; Stanchel v. State, 89 Tex. Cr. R. 358, 231 S. W. 120; 2 Vernon's Tex. Crim. Stat. p. 404, note 11, and cases cited.

The investigation of Edwards and his exculpation by the grand jury, if this occurred, was not in the evidence, and, coming, as it did, in the closing argument from the lips of the prosecuting officer, who was in a position to know what the grand jury had done, it was of a nature so harmful and so obviously improper as to require a reversal of the judgment.

The judgment is therefore reversed, and the cause remanded.