on motion for rehearing.
 

 LATTIMORE, Judge.
 

 Appellant urges that we erred in 'holding him not entitled to the two days asked in which to file written pleadings, discussed in our original opinion, — and in this connection he seeks to file papers seemingly setting up new matters in aid of those in the transcript. This we regret cannot be done. Appellant contends that for us to hold that his arrest and making bond prior to his indictment for this offense, is such arrest as is contemplated by Art. 578 C. C. P., defeats the purpose of the law, and Evans v. State, 36 Texas Crim. Rep. 32, and other cases are cited. Art. 578 C. C. P., says that in all eases the defendant shall be allowed two entire days, exclusive of all fractions of a da3 after his arrest, and during the term of the court, to file written pleadings. To enable us to understand as fully as we can the mind of the legislature in- using the words “after his arrest” in said statute, we notice other related articles of the Code. Art. 579 C. C. P., immediately following Art. 578, is as follows:
 

 “In eases where the defendant is entitled to be served with a copy of the indictment, he shall be allowed the two days’ time mentioned in the preceding article to file written pleading after such service.”
 

 Art. 551 of said Code of Criminal Procedure provides that in every case of felony, when the accused is in custody, “or as soon as he may be arrested,” it shall be the duty of the clerk of the court to deliver a certified copy of the indictment to the sheriff, who shall serve same upon the defendant. Art. 553 of said C. C. P. provides that when the defendant, in case of felony,
 
 is on bail at the time the indictment is presented,
 
 it is not necessary to serve him with a copy. Art. 557 of said C. C. P. provides that no arraignment of the defendant shall take place until the expiration of at least two entire day after the da3 on which a copy of the indictment was served on the defendant, unless the right to such copy or to such delay be waived, or
 
 unless the defendant is on bail.
 

 Having in mind these related statutes, we turn to Evans v. State, supra, cited by appellant. The accused in that case was arrested following the filing of a complaint in the county court and before
 
 *572
 
 the filing of any information thereon. The information was filed on the day the case was called for trial. Appellant sought to have the court hold him illegally arrested, in which contention he was not upheld; but he also moved for the two days in which to prepare and present written pleadings, and this court held him entitled to said two days. Before discussing the application of these articles and the Evans case to the instant case, we desire to state further that in the case before us appellant gave bond before a magistrate sitting as an examining court on the 13th of November, said bond binding him to await the action of the grand jury at the succeeding term of the district court. Being desirous of visiting his father in a distant part of the State, appellant made arrangement through his attorney with the officers that said attorney should be notified if an indictment was returned and that he should be funished a new bond in such case so that appellant might not be sought for and rearrested or further disturbed until it was necessary for him to be at court. “We might dispose of appellant's contention on the ground that this arrangement and agreement amounted to a waiver on his part. The arrangement called for notification to his attorney of the fact of the return of an indictment. Such arrangement seemed to contemplate that no capias should be issued under the terms of Art. 507 of our C. C. P., and-the record before us fails to show that any such capias was issued for appellant. If it could be done, such arrangement would seem to be a waiver of the fixing of the amount of bail by the district judge as is required in Art. 337 of our C. C. P. in cases when the court is in session, when a capias is issued and a defendant is arrested. There is no showing that bail was fixed by the court as said article requires. The bill of exceptions complaining of this matter is qualified by a statement of the learned trial judge of the fact that appellant was not arrested on December 3rd, the day the case was called for trial, and no rearrest of him was deemed necessary.
 

 But if not disposed of upon the ground of appellant’s waiver, we perceive no reason, in view of the statutes above quoted and of the Evans case, supra, cited by appellant, to hold him entitled to two days "after his arrest”. We are controlled bv the bill of exceptions, and by its qualification if properly placed thereon. If in fact appellant was not arrested, then the condition named by Art. 578 C C. P., under which he is entitled to the two days, did not arise. As we understand the Evans case, supra, the accused therein was not given two full days from the date of his arrest, but, being already arrested, was held entitled to the two full days from the date the State filed its pleadings. A prosecution cannot be carried on in the county court upon a ease originating in said court by complaint only. There must be an information. The information being filed on the day the ease was called for trial, appellant could not otherwise have
 
 *573
 
 had the two full days referred to in Art. 578 in which to file his written pleadings in reply to the' State’s pleadings. Suppose we apply the doctrine of the Evans ease to the facts in the instant ease?
 

 In this case appellant was under arrest and legally so. The State’s pleading was filed on November 21st, or fourteen days before the day the case was set for trial. If then appellant’s right to the two days when he is under legal arrest already, arises upon the filing of the State’s pleadings, as held in the Evans case, his right to such time began on November 21st and had fully expired on December 3rd.
 

 If we comprehend the effect of the articles of the Code above referred to, they differentiate the rights of one in custody at the time an indictment is returned, or who is thereafer arrested, from those of one who has already been arrested on the same charge and enlarged upon bail. The man who is in custody is entitled to a copy of the indictment and cannot be arraigned for two days thereafter under the terms of Art. 557 C. C. P.; nor can he under the terms of Art. 579 be brought to trial when he is entitled to service of a copy of the indictment until two days thereafter, but these rights do not inure to the man who has already been arrested and is on bail. He is entitled to a copy of the indictment when he asks for it, but may be put legally to trial at any time the case is properly set. As it would be unreasonable to require the accused to go to trial until two full days after the State’s proper pleading has been filed in any event, if appellant desires to avail himself of said two days, so it would be unreasonable to grant him the two days when he has already been arrested on said charge and may procure a copy of the indictment at any time upon application therefor.
 

 "We have examined the other matters set out in appellant’s motion, and deeming them without merit, and being unable to agree with appellant in the contention above discussed, the motion for rehearing will be overruled.
 

 Overruled.