

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable Fred V. Meridith
County Attorney
Kaufman County
Kaufman, Texas

Dear Sir:

Opinion No. O-6371
Re: Whether the Commissioners'
Court of Kaufman County
should be advised to revoke
the order changing the name
of county attorney to that
of criminal district attor-
ney, and related questions.

Your letter of January 9, 1945, requesting the
opinion of this Department on the questions stated therein is
in part as follows:

"In accordance with Article 332, R. C. S.,
this is to advise that I have been elected to, and
on January 1, 1945, qualified by posting bond which
was approved by the Commissioners' Court, and took
the oath of office, as County Attorney of Kaufman
County. My post office address is Kaufman, Texas.

"I am familiar with the decision of the
Supreme Court in the case of Hill County v. Sheppard,
February 23, 1944, in which case Article 326q, V.A.C.S.
was held invalid. I am likewise familiar with Attorney
General Mann's Opinion No. O-5024, in which Article
326K-11, V.R.C.S., was held to be unconstitutional and
void. I am not advised, however, whether there has
ever been a decision by the Courts concerning the
constitutionality of Art. 326k-11, and would like to
be advised whether the above cited opinion of your
Department is the only interpretation of such statute.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

"I feel that if the question ever came
before the courts that Art. 326k-11 would be
held invalid, the same as was Art. 326q. How-
ever, the Commissioners Court of Kaufman County,
under authority of Art. 326k-11, by order duly
entered, changed the name of the office of County
Attorney to that of Criminal District Attorney.
That order has never been revoked, nor any new
order in this connection made. This new letter-
head was printed before I qualified for the of-
fice, and a number of our complaint and information
forms carry the designation 'Criminal District At-
torney'. I was elected on the ballot as 'County
Attorney' because I filed that way, in view of the
above cited Supreme Court decision and the above
cited opinion of your Department. I qualified as
'County Attorney'.

"Question: (1) Are complaints sworn to before
me as 'Criminal District Attorney', and informations
filed by me as 'Criminal District Attorney', validly
filed, or would they be subject to motion to quash
or to dismissal?

"(2) Should my official acts be performed in the
name of 'County Attorney' or "Criminal District At-
torney'?

"(3) Should the Commissioners Court be advised to
revoke the order changing the name of the County At-
torney office to that of Criminal District Attorney,
or to order the name of the office restored to that
of County Attorney?"

You state in your letter that the Commissioners' Court
of Kaufman County acting under Article 326k-11, Vernon's Annotated
Civil Statutes, by order duly entered in the minutes of said Court,
changed the name of the office of County Attorney to that of
Criminal District Attorney. You further state in effect that you
were elected, posted bond and took the oath of office, as County
Attorney of Kaufman County.

Article 326k-11 Vernon's Annotated Civil Statutes
was held to be void in our Opinion No. O-5024. It was stated in
said Opinion "The only purpose, and the sole effect, of such Act,

if valid, is to change the name of the office of County Attorney in certain counties. . .   Article 326k-11 attempts to change the name of a constitutional officer. It is therefore void. State ex rel. Hamilton, Attorney General, v. Troy, Prosecuting Attorney, 68 Pac. (2) 413. . ."

You ask whether there has been any Court decision involving the question of the constitutionality of Article 326k-11. There has been no court decision by any of our Appellate Courts involving the question of the constitutionality of said Statute.

We answer your questions in reverse order. As heretofore stated this Department has held in Opinion No. O-5024 that Article 326k-11 is unconstitutional and therefore void. When the Commissioners' Court of Kaufman County acting under said Statute changed the name of the office of County Attorney to that of Criminal District Attorney, the act of the Commissioners' Court was void. It is well established in this State that the Commissioners' Courts possess only such power and authority as is given by the Statutes and Constitution and those powers and duties necessarily implied therefrom. Therefore, in answer to your third question, it is our opinion that when the Court attempted to change the name of the office of County Attorney to that of Criminal District Attorney the Court acted without any legal authority, and as stated above, the order of the Court is void. It is immaterial whether the Commissioners' Court revokes the order changing the name of County Attorney to that of Criminal District Attorney.

In answer to your second question you are respectfully advised that it is our opinion that your official acts should be performed by you as County Attorney and not as Criminal District Attorney. Under the facts stated by you and the applicable statutes you are the County Attorney of Kaufman County and not "Criminal District Attorney".

We now consider your first question. Generally speaking, a complaint must be sworn to by the complainant; otherwise, it is of no effect and will not support a prosecution. A complaint may be before the District or County Attorney, who are expressly given power to administer oaths for this purpose by Articles 30 and 415, Vernon's Annotated Code of Criminal Procedure, or before any officer authorized by law to administer oaths; and a complaint sworn to before a de facto officer is valid. (Dane v. State, 35 S. W. 661). A complaint may be made before an Assistant County

Attorney or a Justice of the Peace or a County Judge. (Ealey
v. State, 224 S. W. 771; Kelly v. State, 38 S. W. 779, 39 S.W.
111; Duncan v. State, 279 S. W. 457; Stepp v. State, 109 S.W.
1093).

It is stated in Texas Jurisprudence, Vol. 12, P. 585:

"The jurat of the officer before whom the com-
plaint is sworn to is essential; without it a com-
plaint is fatally defective and will not support an
information. The jurat must be dated and signed by
the officer, and must show his official character.
If the complaint is sworn to before an assistant
county attorney, the jurat must show that the oath
was administered by him, and a jurat signed in the
name of the county attorney by the assistant is in-
sufficient.

"The court, before verdict, and upon proper
proof of the facts may permit an omitted jurat to
be added by amendment, or may permit a jurat to be
amended by inserting an omitted date, or the name of
the party making the complaint, or by adding the of-
ficial character of the officer, or by correcting a
mistake in the name of the affiant as set out in the
jurat, or in order to correct a mistake in the date.
But amendments of this character may not be made
except under the authority and direction of the court."

Generally speaking where an objection is made on the
ground that a complaint is not officially signed by the officer
who took it raises a serious question as to its validity. (Graham
v. State, 160 S. W. 714). We quote from the case of Cook v. State,
132 S. W. (2d) 404:

"It is also to be noted that the jurat on
such complaint is defective in that same is not
signed officially by the person whose name is at-
tached thereto. The official title of the officer
should be shown thereon. See Branch's Penal Code,
p. 249, Sec. 480, and authorities there cited."

(In connection with the foregoing statement see the following
cases: Shurbet v. State, 60 S. W. (2d) 791; Sterns v. State,
116 S. W. 384; Stanley v. State, 150 S. W. (2d) 785; and
Neely v. State, 161 S. W. (2d) 294).

Honorable Fred V. Meridith, Page 5


In view of the foregoing authorities it is our opinion that complaints sworn to before you as "Criminal District Attorney", and informations filed by you as "Criminal District Attorney" if objected to on the grounds that the complaint or information is not officially signed by the officer who took it raises a very serious question as to the validity of said complaints and informations. We cannot categorically say that such complaints and informations are invalid or subject to motion to quash or a motion to dismiss. It is our opinion that the jurat in such complaints or informations should be corrected under the authority and discretion of the Court showing your official character which is County Attorney and not Criminal District Attorney.


Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:FO

APPROVED JAN 1945
*Carlos Ashley*
FIRST ASSISTANT
ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN