RALPH GRAHAM V. THE STATE.

No. 2729.    Decided November 12, 1913.

**1.—Aggravated Assault—Written Pleadings—Two Days.**

The defendant, who was charged with aggravated assault by information, insisted upon having his two days in which to prepare and file written pleadings, which being overruled by the court, is reversible error. Following Evans v. State, 36 Texas Crim. Rep., 32, and other cases.

**2.—Same—Continuance—Sickness of Defendant.**

While it is not necessary to pass upon defendant's application for continuance, yet, where the record showed that he was not in a condition to be tried, a continuance should have been granted.

**3.—Same—County Attorney—Private Prosecutor.**

Where the information was not signed by the county attorney, but by a private prosecutor, and the record did not show who represented the State, the matter should be corrected upon another trial.

**4.—Same—Evidence—Dehors the Record—Bills of Exception.**

Where the court qualifies the bill of exceptions, he should not quote facts dehors the record. Following Leonard v. State, 53 Texas Crim. Rep., 187.

**5.—Same—Allegations and Proof.**

When the State confines its investigation or its basis of conviction to the date alleged in the information, it will be limited to that particular transaction. Following Lunn v. State, 44 Texas, 85.

**6.—Same—Complaint—Information— Officer's Duty.**

The complaint and information should be properly signed and approved by the proper officers, and the record should not be burdened with questions of this sort on appeal.

Appeal from the County Court of Collingsworth. Tried below before the Hon. R. H. Cocke.

Appeal from a conviction of aggravated assault; penalty, a fine of $200 and thirty days confinement in the county jail.

The opinion states the case.

*Templeton & Templeton,* for appellant.—Cited cases in opinion.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of aggravated assault and battery upon his wife.

The complaint and information both charge that the assault was committed with a broomstick, a dipper and with his fist. This complaint was filed on the 11th of June, 1913. The information was filed on June 16th. The trial was had on June 16th. When the information was filed appellant insisted upon having his two days authorized by the statute in which to prepare and file written pleadings. This was overruled by the court, and exception reserved. This was error. The authorities sustain appellant's proposition that he is entitled to two days in which to prepare and file his written pleadings after the filing of the information. Evans v. State, 36 Texas Crim. Rep., 32; Whitesides v. State, 44 Texas Crim. Rep., 410; Holden v. State, 44 Texas Crim. Rep., 382; McFadin v. State, 44 Texas Crim. Rep., 471; Lightfoot v. State, 77 S. W. Rep., 792; Johnson v. State, 49 S. W. Rep., 618; King v. State, 56 S. W. Rep., 926. The statute guarantees this right.

When the case was called for trial appellant also filed his application for a continuance for the testimony of his father. It is unnecessary to discuss that matter as the presence of the absent witness or his testimony can be obtained upon another trial.

There was another application filed for continuance by R. L. Templeton. This application sets up the fact that defendant was neither physically nor mentally able to undergo the ordeal of his trial. The statement of facts shows 'he was in such condition that he was not and could not perhaps be placed upon the witness stand to testify. The wife of appellant was the only witness introduced during the trial. She testified to the facts of the assault, and stated that he was crazy, and that she had always regarded him as insane from the time that she had married him, and so regarded him at the time of the trial. While this language of the witness may be a little strong, yet it tends strongly to support the application signed by the affiant Templeton, that appellant was not in a condition to be tried, and he could not be of any assistance to his counsel during the trial. Taking these two applications for a continuance together, and especially the latter one, we are of opinion the court should not have tried appellant at the time that he was tried.

The information was not signed by the county attorney, but was signed by private prosecutor in the case. It seems he was employed by the people of the community to prosecute. There is a recitation in the judgment to this effect: "The State of Texas appeared by J. L. Lackey as special county attorney, who was appointed by the court on account of the absence of the county attorney, and the defendant appeared in person and announced not ready for trial and asking two full days in which to file motion pleadings," etc. An inspection of the trial of the case seems to indicate that the county attorney Small was present and conducted the case; at least, he contested, over his official signature, matters set up by defendant's counsel, and signs the state-

ment of facts officially. Upon another trial this matter should be corrected and the record not left in the condition of controverting matters of this sort when there is no occasion for it, but where controversies of this sort do occur the record ought to make it plainly to appear why such things do occur.

There are several bills of exception to the introduction of testimony. The judge qualifies these bills, which were not accepted by counsel for appellant. In the qualification to one of the bills the court states a lot of facts or what purports to be facts that are dehors the record, and about which he was not authorized to qualify the bills of exception, because they were independent statements, and if these were facts and were thought necessary to be stated in the connection in which they are used, he would have to testify like any other witness upon the controverted points. This question has been before the court on several occasions, and Judge Ramsey wrote an elaborate opinion upon this phase of the law in Leonard v. State, 53 Texas Crim. Rep., 187.

It will be recollected that the information charges appellant with whipping his wife with a broomstick, dipper and with his fist. On the occasion upon which one of the bills of exception states the prosecution elected to try appellant he did not strike her with a broomstick nor with a dipper. He struck her in another trouble they had with a broomstick, but that was in March, and on another occasion with a dipper, but not upon the occasion upon which the bill of exceptions states the prosecution elected to try appellant. It was necessary under the allegations to prove, under the election by the State, that the assault was committed on the particular date by some of the means alleged. Evidence of previous occasions would not sustain nor be permissible, although on those previous occasions he may have used a broomstick or dipper. Wherever the State elects the occasion as a basis for conviction, the testimony must correspond to that election and must fit that occasion; other matters will not be permissible. There is also shown by a bill of exceptions that on the 11th of June, which seems to have been the occasion selected by the State, he struck his wife with a razor strop. This could not be the basis of conviction, because it was not alleged in the complaint or information. We want to say that under this information, and the election by the State under this information, when the State confines its investigation or its basis for conviction to the date alleged, that it will be limited in investigation to that particular transaction. This matter has been frequently before the court. One of the earlier cases is Lunn v. State, 44 Texas, 85. That case has been followed in quite a number of cases even down to date.

There is a question raised over which a contest arose, that the complaint was not signed officially by the officer, if an officer, who took it, and the seal of his office was not attached. He purports to have signed it as county clerk. So we have the complaint and information both questioned and testimony in regard to it and matters left in doubt.

Instead of having these matters to arise and complicate records with them, if serious questions occur along these lines it is safest and best to prevent cumbersome records by filing new and unquestioned complaint and information, or uncontroverted papers wherever that is permissible. Controversies of that sort only tend to encumber records without any good to be accomplished. Filing corrected papers in case of such controversies avoids such complications.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*