# W. H. Tysinger v. The State.

No. 12140.   Delivered January 23, 1929.
Rehearing denied February 20, 1929.

The opinion states the case.

*Ratliff & Ratliff* and *Murchison & Davis* of Haskell, for appellant.

*Clyde Grissom,* District Attorney 39th Judicial District, and *A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, two years in the penitentiary.

Appellant sought by application to postpone or continue the case, because of illness. The State controverted the application, and the trial court heard evidence which is set out at quite length in the record. The case had been continued once before on the same ground apparently, and the court declined to grant said application. Appellant came to the court house in an ambulance and lay on a cot during the trial. The jury were selected one day, the evidence was heard the succeeding day, and apparently the case was argued and the verdict was returned the following day. . Appellant was present each day, and was there from 9 a. m. to 9:30 p. m. on the second day. On the third day when the verdict was brought in appellant walked from the court house to the jail, using a cane. At the time he overruled the application for continuance the trial court stated that if it appeared the presence of appellant at court injuriously affected his health, the court would hear the matter further. No application was made during the trial and no evidence appears showing that the trial in anywise hurtfully affected appellant's condition.

We see no good to come from a recitation at any great length of the testimony. Without contradiction the State proved that prior to the time of this trial appellant had been personally attending to his duties as proprietor of a filling station; that on the day before this case was called for trial appellant went to the office of his attorneys to consult them about the case; that he was present during the trial, and at its conclusion walked to the jail; that in said jail, after he was convicted on April 28th, and up to the hearing of his motion for new trial on May 18th, appellant dressed himself, went about the jail, ate heartily and appeared well. Three doctors gave testimony as to appellant's physical condition, in substance, that he had rheumatism, a sore leg, lumbago, and that his heart was affected. The same condition had existed at the previous term of court and would likely continue as long as appellant lived, in the opinion of the physicians. Dr. Cummings saw appellant April 26th, the day the

jury was selected, and did not see him again until after the trial, when said doctor was calling at the jail to see another patient and appellant asked him for some aspirin. Dr. Taylor saw appellant on the 26th and examined him at the request of the court and made oath that appellant was able to come to court, stand trial, intelligently discuss his case with his counsel, take the witness stand and testify. This doctor said appellant had no fever, that his pulse was a little low, that there was no indication of his being sick save what appellant said about himself. He made no further examination of appellant after the occasion mentioned. Dr. Gose examined appellant the day before he made application for continuance, and said in his opinion it would be dangerous to bring him to court, that his pulse was subnormal and heart affected; that he did not know how long such condition had existed or how long it would continue.

Every application of this character is addressed to the sound discretion of the trial court who has before him the witnesses, the accused, and can see and hear their testimony, and is familiar with the surroundings and antecedents of the case. Our review of the court's action in such case must take into account the whole record. We must not lose sight of the fact that in this case the court had before him a man who had sought and obtained a continuance once before on the same grounds as are here set up, who had apparently gone on about his ordinary business in the usual way after the case was continued. We have nothing in this record supporting any belief that appellant's health was affected or in any way injured by being present at court on this trial. True, he was brought to court in an ambulance and lay on a cot during the trial, which would appear to be a mute appeal to the sympathy of the jury, but when convicted appellant walked to the jail, and from then on appeared to be well and had a hearty appetite, according to the testimony of Mr. Cousins. The defense interposed in this case was an alibi. Four young men were present when the alleged sale of liquor by appellant was made and each of whom knew appellant well, and testified that such sale took place at appellant's home on Christmas night December 25, 1927, the hour being estimated at from 10:30 p. m. to midnight. Appellant introduced eight or nine witnesses, all of whom swore that he went to a supper in Haskell, in which town he lived, about 7 P. M. on Christmas night 1927, and that he did not leave for any purpose till near 12 o'clock or later. Four of the persons at the party accompanied appellant to his home after the party was over and they said he was not called out and saw no one at

his home that night. We have carefully examined the record and find nothing in same, from appellant's standpoint,—his knowledge of the surroundings or of the res gestae of the alleged sale, that could have been better used in aid of his able counsel in their development of the defense. While it is true that no man should be tried for an offense who is not physically able to undergo whatever strain such trial entails, or who is at the time suffering from a curable, physical malady which interferes and incapacitates him from giving testimony, or from understanding and discussing the issues involved with his counsel, still the decision of such questions must primarily be left in the hands of the trial courts, and unless from the record we are led to believe that injustice was done, or that the accused suffered some injury, and that the discretion of the lower court was abused, we would not feel called on for an unfavorable review of the action of the trial court. Oliver v. State, 70 Texas Crim. Rep. 140; Tilmeyer v. State, 62 Texas Crim. Rep. 272; Walker v. State, 90 Texas Crim. Rep. 56; Streight v. State, 62 Texas Crim. Rep. 453; Brown v. State, 38 Texas, 485.

Complaint is made of the refusal of a requested instruction for an acquittal, based on the hypothesis that the allegation of a sale of whisky to Grindstaff was not met by the proof. Appellant claims that the testimony showed a sale, if at all, to Grindstaff and others. He cites Price v. State, 83 Texas Crim. Rep. 322; Brown v. State, 102 Texas Crim. Rep. 54; Elliott v. State, 277 S. W. Rep. 141, and Asher v. State, 277 S. W. Rep. 1099. A review of these cases discloses that Brown v. State, supra, is the only one whose facts are at all similar to those in the instant case. In that case the allegation was of a sale to several and the proof, in the opinion of the majority of the court, showed a sale to but one, being directly the opposite of what appellant contends is shown by the proof in this case, but revealing a case exemplifying what appellant contends should have been done in the instant case. If the case before us had alleged the sale to Grindstaff and the others named, and the proof had been as it is, then the case should be reversed upon the authority of the Brown case and the others referred to. Without discussion of the principle involved, which is before the court in other cases, we observe that the facts here plainly show a sale but to Grindstaff, the alleged purchaser. Appellant's contention finds support only in the fact that when Grindstaff and four companions went to appellant's home to purchase the whisky they went together, and one of them went from the car to the house with Grindstaff and talked to appellant. In Grindstaff's

testimony occurs the expression: "We told him we wanted a quart of whisky," and he says that by "we" he meant himself and his companions. Further stating what occurred Grindstaff says that his companion went back to the car, and "I told him I wanted a quart of whisky. Lefler (the one who had gone to the house with him) did not say anything; he turned and went back to the car. * * * I said: Mr. Tysinger 'I want a quart of whisky.' Tysinger said 'Pay me for it and come back in a little while and it will be at the gate.' I paid him in paper money." None of the other witnesses gave any testimony contradicting this but all testified supporting same. None of them contributed any money, or had any interest in the whisky. We think there is no variance and that the contention is without merit.

After Grindstaff paid appellant for the whisky, and was told to come back in a few minutes and it would be at the gate, the party left but came back in fifteen minutes and the whisky was at the gate. Grindstaff got out and got it. Contending that the fact that Grindstaff got the whisky at the gate made this case one of circumsantial evidence, appellant asked a charge submitting that theory of the law, which was refused. We think this not error. There was a personal direct sale by appellant to Grindstaff who then paid the price agreed upon. Appellant then told him where the whisky would be found in a few minutes, and Grindstaff came to the place where appellant so directed him and got the whisky. This was no more a case of circumstantial evidence than if appellant had told Grindstaff, after receiving his money, to look under the corner of the house, or behind the barn, or by a certain tree in the pasture, and he would find the whisky.

Each of appellant's contentions have been carefully considered in the light of the able brief filed, but none of them call for a reversal.

The judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant urges that we were in error in not sustaining his complaint based upon the court's action in overruling his application for continuance. Notwithstanding the length of the bill bringing this point forward we have carefully re-examined all the evidence heard by the court regarding the matter. Our opinion that the trial judge did not abuse his discretion in denying the continuance remains unchanged.

Complaint is also presented because we did not discuss a bill of exception based upon an averment as to misconduct of the jury. It was alleged in the motion for new trial (a) that a juror had stated in the jury room that appellant had been bootlegging for a long time and was in fact a big bootlegger; (b) that it was argued in the jury room that appellant was shamming sickness; (c) that some member of the jury had said appellant was under indictment in seven or eight other cases; (d) that the fact that appellant did not testify was considered against him. The bill bringing the evidence forward upon the points mentioned has been critically examined and every word of the testimony heard by the court carefully considered. In our opinion the trial court was well within his rights in deciding every issue against appellant's contention.

The motion for rehearing is overruled.

*Overruled.*