## M. J. GUNN v. THE STATE.

No. 14601. Delivered December 16, 1931.

*Scott & Scott,* of Brownwood, and *Baker & Baker,* of Coleman, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for possessing intoxicating liquor for purposes of sale; punishment, two years in the penitentiary.

The facts, from the state's standpoint, were established by the testimony of three witnesses who said that they found upon appellant's prem-

ises and near his house a ten gallon keg of whisky; also that they found a still a few hundred yards east of the residence, which the witnesses would not swear positively was on appellant's premises. They also found a number of mash barrels. The whisky found was about seventy-five or eighty yards northeast of appellant's residence. A trail led from appellant's house to the still, which showed recent use. Appellant and his wife both testified and made explanations about the mash barrels, and denied knowing of the presence of the ten gallon keg of whisky. Appellant admitted that he tried to make home brew but said he did not succeed. The state also introduced testimony as to the finding of two jars of whisky near the well on the place.

In its rebuttal the State used a witness who testified that all the barrels referred to smelled strong of whisky, and that a mash barrel at the well smelled strong of mash. We think the evidence sufficient to justify the jury in their conclusion of guilt.

There is only one bill of exception in the record, and it sets up that the court erred in refusing to continue the case because of the illness of appellant. We think the court justified in refusing the continuance and that the facts failed entirely to show that appellant was too ill to stand trial, or that he was in anywise prejudiced by the refusal of the court to continue the case. A doctor who examined appellant said that in all things he appeared normal and gave no evidence of illness. Appellant testified in the case, and we see nothing to indicate that his testimony was not that of a normal and physically capable witness.

No error appearing, the judgment will be affirmed.

*Affirmed.*