## WILL REID V. THE STATE.

No. 20633. Delivered November 29, 1939.

The opinion states the case.

*Seale & Thompson,* of Nacogdoches, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

Upon an indictment charging assault to murder, the appellant was convicted of aggravated assault; penalty assessed at a fine of $500.00.

In view of the disposition which we are making of this case and the possibility that a different conclusion may be reached as to the sufficiency of the evidence on a subsequent trial, we

are overruling the contention of the appellant that he should have had an instructed verdict; but it is doubtful in its present state if the evidence would sustain a conviction for any offense higher than a simple assault. The court refused to charge the jury on this offense and this, we think, was improper.

The questions presented for review do not require a full statement of the facts of the case and it will be sufficient to say that the appellant was charged with the offense of assault to murder by indictment returned on March 3, 1939. The offense is alleged to have been committed on or about the 3rd day of February, 1939. The case was set for trial on March 23rd, at which time a motion for a continuance was presented on account of the alleged fact that the appellant was in a bad state of health, both physically and mentally. The case was passed over until the 10th of April, 1939, at which time it was again called. A vigorous motion for a continuance was presented and a number of physicians were called to testify. They knew the appellant and stated that he was an epileptic and frequently suffered from two kinds of epilepsy, one of which was described as destroying his reasoning powers following an explosion, after which considerable time would elapse before the appellant would be able to understand and comprehend anything that was going on about him. They further testified to his then condition and concluded he was unable presently to go to trial, but should recover in a few weeks. This evidence was without dispute, and in its state, the action of the trial court in overruling the motion for a continuance presents an error for which the case must be reversed.

In this connection, another bill of exception complains of the continued action of the court under an unusual state of facts. When the appellant had been called from Marlin, Texas, to Nacogdoches to attend his trial and the jury panel had been examined and before he made his challenges, he was subjected to a violent attack of epilepsy in the court room, and the physician who attended him said that it would be an hour or more before the appellant would be conscious of what was going on; that during this time he would be unaware of the business in which he was engaged. His attorney requested the court to recess until his client would be in a position so that he could assist him in striking the jury and selecting those who should pass on his case. The District Attorney joined in this request but the court declined it and forced the appellant's attorney to strike the list of jurors without the assistance of his client. No record shows how much proceedings took place other than striking the jury list, but that is immaterial. There is no safeguard of human

liberty more valuable than that guaranteed to every citizen in this country that he should be confronted by his accusers, and in furtherance of this, our Legislature has required that the defendant in all felony cases shall be permitted to be present during each and every step of his trial in the court room. So strict has been the interpretation placed upon that legislation by this Court that it is a dangerous practice for any trial court, in a felony case, to take any action, even upon the suggestion or request of the defendant, in his absence. If a defendant should desire to leave the court room and agree that his trial may proceed, it is not always to be understood that he comprehends fully the things which may take place in his absence. If he has the privilege of waiving a right, it should be made certain that he knows what that right is before he waives it. The purpose of the court to speedily dispose of pending business is a laudable one, but to do it in strict accord with prescribed practices is much more to be desired. There is no more important step in the trial of a case than the selection of a jury of one's peers to pass upon his guilt or innocence. Especially is this true where, as indicated in the case at bar, the defendant is well known to the panel from which the jury is to be selected. In the state of the facts before us, the trial court, in declining to postpone the proceedings, exceeded the discretion lodged in him, and for it, this cause must. be reversed.

If a defendant in a felony case should be bodily present in the court room but in an unconscious condition, it cannot avail him his right to be present in the fullest sense, for it certainly cannot be said that he has the opportunity under such circumstances to assist his counsel in the conduct of his case. It would be a mere sham to say that he was confronted with his accusers if he were not able mentally to realize their presence. The duty of the court is stated in Amer. Jur., Vol. 14, p. 900, Sec. 190, as follows: "If the defendant becomes too ill to be present in court at every stage of the trial, the case should be either temporarily passed to await his convalescence or *a juror withdrawn* and the case continued."

In the case of Brown v. State, 38 Tex. Rep. 482, after announcing the doctrine above quoted, the Supreme Court of Texas said: "The accused should not only be within the walls of the court house, but he should be present where the trial is conducted, that he may see and be seen, hear and be heard, under such regulations as the law has established."

Both the text writer and the Supreme Court give as their reason the defendant's right to "see and be seen" and to "hear

and to be heard." While it may not be possible to so educate and train every individual that he will actually know and under-. stand all of the proceedings involving him, yet it is guaranteed that his trial be so conducted that he have an opportunity to do so. We have no secret trials in our courts, but it would be just as well if we were to proceed while the party involved is in an unconscious condition from whatever cause other than his voluntary act. Texas Digest, Vol. 12, Page 81.

In Graham v. State, 160 S. W. 714, we find the court dealing with a similar motion for a continuance which is disposed of in the following quoted paragraph: "There was another application filed for continuance by R. L. Templeton. This application sets up the fact that defendant was neither physically nor mentally able to undergo the ordeal of his trial. The statement of facts shows he was in such condition that he was not, and could not perhaps be, placed upon the witness stand to testify. The wife of appellant was the only witness introduced during the trial. She testified to the facts of the assault, and stated that he was crazy, and that she had always regarded him as insane from the time that she married him, and so regarded him at the time of the trial. While this language of the witness may be a little strong, yet it tends strongly to support the application signed by the affiant, Templeton, that appellant was not in a condition to be tried, and he could not be of any assistance to his counsel during the trial. Taking these two applications for a continuance together, and especially the latter one, we are of opinion the court should not have tried appellant at the time he was tried."

In Steadham v. State, 43 S. W. (2d) 944, this Court clearly indicates a holding that a trial court may properly be required to recess the trial of a case for causes not sufficient to require a continuance. The present case appears to present a proper opportunity for applying that rule. See also Streight v. State, 138 S. W. 742.

By proper bill of exception the appellant complains of the closing argument of the prosecuting attorney. This argument is very questionable and should not be indulged upon another trial.

Because of the errors pointed out, the cause is reversed and remanded.