ANASTACIO C. SANDOVAL V. THE STATE.

No. 23388. Delivered June 19, 1946.
Rehearing Denied October 16, 1946.
Leave to File Second Motion for Rehearing Denied October 30, 1946.

548

The opinion states the case.

*Dave Watson, J. Franklin Spears,* and *Adrian A. Spears,* all of San Antonio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted of the offense of murder with malice and his punishment was assessed at confinement in the State penitentiary for a term of fifteen years.

The State's theory was that appellant became irritated be-

cause the deceased had forcibly ejected him from a beer saloon. The appellant's theory was that he was insane at the time and was not legally responsible for his acts.

The record shows that the deceased owned and operated a beer saloon in the town of Pearsall; that on the day of the homicide appellant went to the deceased's place of business, where he found other patrons. Soon after he had entered the place he became engaged in a controversy with some of deceased's customers, whereupon the deceased led him out of the building and closed the doors. Appellant apparently became incensed at the deceased because of his ejection. He then left but soon returned armed with a rifle. He began to break one of the lower panels of the front door, whereupon the deceased went out of a door on the east side of the building and walked toward the front thereof; that when he reached the southeast corner of the building, the appellant, who had also gone from the front door to said corner, shot the deceased with a .22-caliber rifle. The deceased grabbed the rifle and a scuffle ensued over the possession thereof. However, the deceased succeeded in disarming appellant and taking possession of the gun, but he fell to the ground mortally wounded, and appellant fled from the scene of the difficulty.

Appellant's plea was insanity, and in support thereof he introduced three reputable physicians who testified that they had examined him and reached the conclusion that he was insane. It was shown that he was one of the first young men in that county to be drafted by the Army; that he was sent overseas; that he fought in the battles of Africa, Sicly and Italy; that he had been wounded five times during his career as a soldier; that as a result of the combats in which he had engaged he suffered a fractured skull and became mentally deranged; that he was confined in a hospital in Africa for approximately five months; that he was then sent to a veterans' hospital at Waco, Texas; that he was placed on inactive duty by reason of his condition, etc. Other witnesses called by the State and who had known him prior to and since he had been in the Armed Forces, testified that they did not see any difference in his conduct or mental condition since he returned from the Army than before he entered the same; that he appeared to be normal; that they did not see him do or say anything unusual or out of his ordinary conduct which indicated to them that he was abnormal.

The sheriff, who had charge of appellant while in jail, testified that during his confinement he conversed with and observed

appellant, but saw no act or heard no statement which indicated that he was insane.

It will be noted from the foregoing brief statement of the evidence adduced upon the trial that an issue of fact was raised which the jury, who are the exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony, decided adversely to him, and we would not be authorized to invade the province of the jury and disturb the conclusion reached by them from the evidence.

Appellant has seven bills of exception in the record. In some he complains of the exclusion of certain evidence, while in others he complains of the admission of certain testimony. All of the bills except Bill No. 2 are qualified by the court, and those qualified fail to reflect any error inasmuch as the qualifications show that appellant did not except to the ruling of the court. Consequently, we need only to consider and discuss Bill of Exception No. 2. This bill reflects the following occurrence: While Maria Sandoval was on the witness stand testifying in behalf of her husband (the appellant) she was handed a letter by appellant's attorney which purported to have been written by someone connected with the Veterans' Hospital at Waco, Texas. It appears from the bill that the letter related to the amount of compensation awarded appellant by reason of his disability. The State objected to the introduction of this letter on the ground that it was hearsay, and for the further reason that a proper predicate had not been laid for its introduction. The court sustained the objection and appellant excepted to the ruling of the court. We are of the opinion that the court's ruling was correct in the absence of any showing of the proper predicate for its admission.

It further appears from the bill that while Dr. Warren Martin Phillips, a psychiatrist, was testifying on behalf of the defendant, it was again sought to introduce said letter, but upon objection by the State the court again excluded it on the ground of hearsay. Thereupon, appellant inquired of the witness if he knew of his own knowledge the percentage of disability that was given defendant by the Government, to which the witness replied, "A hundred per cent." The State again objected thereto and the court again sustained the objection and withdrew the testimony. It appears to us from the testimony given by the witness that he had acquired such knowledge from the Veterans' Hospital at Waco, or rather, the Veterans' Administration Bureau. The witness testified that a veteran's disability compensation is determined by the percentage of his disability. The wit-

ness further testified that he lived in San Antonio and had his office in that city; that he examined the defendant at his office on three or four occasions prior to the commission of the offense; that he had made his report and sent it to the Veterans' Administration Bureau at Waco, Texas. It seems that the witness was one of a number of doctors who were selected as specialists and designated to examine veterans relative to disabilities and make their reports to the Veterans' Administration Bureau, and that was the extent of the witness' connection with that organization. He had not reviewed the reports of the various doctors and did not determine the percentage of disabilities, mental or otherwise, of any veteran. Consequently, what the Veterans' Administration Bureau had determined as to the percentage of appellant's disability was necessarily hearsay, notwithstanding it may have been equal to the percentage of appellant's disability which the witness had determined from his own examination of him. However, that would not take it out of the category of hearsay evidence. Of course, he could testify, and did testify, as to the percentage of the mental disability of the appellant which he had determined from the various examinations made by him. We do not believe that the bill reflects any error. We, therefore, overrule his contention.

Appellant, in his brief and also in his oral argument before this court, lays much stress on the fact that the court, in connection with his ruling, made the following remark:

"I do not think that has a thing in the world to do with this. I think it is a backward way to get that in the record. I sustain the objection."

The bill fails to show that appellant objected to the remark of the court at the time the same was made. Conseequently, he cannot now avail himself of any error that may have been committed by the court in making the statement. We, therefore, overrule this contention.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant insists that we were in error in not allowing him

to introduce a letter directed to appellant's wife of date November 30, 1945, relative to a claim for a pension from the Government for appellant in which it was stated that "his (appellant's) service connected condition is shown to be disabling to the extent of one hundred percentum (100%) from August 20, 1945, and that he is incapable of managing his own affairs with the Veterans' Administration," etc., signed "C. C. Collins, Adjudication Officer." This letter was surely secondary evidence and hearsay. The court excluded the letter but allowed the witness, Dr. Phillips, to tell what the witness knew about the condition of the percentage of appellant's disability, but did not allow the introduction of the letter. The court did allow numerous doctors, as well as other witnesses, to testify as to appellant's mental condition and disability, some favorable to appellant and some unfavorable, and we can see no error in disallowing the introduction of this letter showing what the writer thereof thought the Government's percentage of appellant's disability to have been. The trial court's charge properly submitted to the jury appellant's defense of insanity, and it was evidently decided against him, which decision we find to be supported by evidence, and we see no reason to disturb the same.

We think the original opinion herein was correct, and the motion will be overruled.

ON SECOND MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant requests leave to file a second motion for rehearing, urging that in bill of exception number two he complained of the trial court's remark at the time he excluded the letter which appellant was seeking to introduce in evidence. We have again examined the bill, and remain of the opinion that the remark of the court was not objected to.

The request for leave to file second motion for rehearing is refused.