### COLLINS LESTER MAYFIELD V. STATE.

No. 24402. June 8, 1949.
State's Motion for Rehearing Denied June 24, 1949.

*Andrew Patton* and *C. H. Hardeman,* Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant Criminal District Attorney, *Thomas C. Unis* and *Waller M. Collie, Jr.,* Assistants Criminal District Attorney, Dallas, and *Ernest S. Goens,* State's Attorney, Austin, ·for the state.

KRUEGER, Judge.

The offense is murder. The punishment assessed is confinement in the state penitentiary for a period of twenty years.

It was the state's theory, finding support in the evidence, that on the afternoon of the 14th day of July, 1947, appellant, armed with a pistol, went to the office of the deceased and without any excuse or justification shot the deceased five or six times, inflicting fatal wounds from the effects of which death resulted immediately.

It was defendant's theory that the deceased had invaded the sanctity of his home and corrupted the morals of his wife; that on several occasions prior to the unfortunate occurrence he had requested the deceased over the telephone to let his wife alone; that on one of these occasions the deceased replied "she was anybody's woman as far as he was concerned;" that thereafter he sought a personal interview with the deceased, either at his home or office with the view of discussing the matter with him to which the deceased replied, "If you ever come to my office or to my home, it will be the last place on this earth that you will ever go. I was in the army, and I am a good shot;" that on the day in question he went to the deceased's office; that when he arrived he inquired of a lady secretary if the deceased was in to which she replied that he was in the rear of the office with customers; that he then started to go to the rear when the customers and the deceased arose from their seats and started to the front in the direction of him, appellant; that he noticed that the deceased had opened a drawer of his desk and closed it again, which caused him to believe that the deceased had procured a pistol; that when the deceased approached he had his left hand behind him and his right hand doubled up as if to strike with his fist, whereupon he fired believing that he was in danger of losing his life or suffering serious bodily injury at the hands of the deceased. No weapon of any kind was found on the body of the deceased or on the floor where he fell and expired, however, a pistol was found in his desk drawer. The foregoing is a brief summary of the salient facts proven on the trial.

Appellant brings forward twenty-one bills of exception wherein he complains of various rulings of the trial court. Some of these bills relate to the same subject matter and may be discussed and disposed of together.

Appellant's first contention is that the evidence is wholly insufficient to sustain his conviction of the offense of murder with malice. With this contention we are unable to agree. In a homicide case, the question of malice like any other issue of fact is to be determined by the jury from all the evidence

before them, and the jury's conclusion on such issue is binding on this court.

Bills of Exception Nos. 2 and 3 reflect the following: The father and mother of appellant had been summoned as witnesses by appellant and were in attendance in court at the trial. After the state had rested and appellant had introduced some of his evidence, the father suddenly died from heart trouble before he had testified. The death shocked the mother so severely that she was placed in bed under the care of a physician. This condition as it existed also shocked appellant who was afflicted with serious heart trouble. Appellant filed a motion in which he requested the court to either postpone the trial to some future day or continue the case for the term. The court overruled the motion and required appellant to proceed with the trial, to which ruling of the court he excepted as reflected by the two bills. It occurs to us that under the circumstances shown and the testimony of the physician the trial court was advised that the appellant was in no frame of mind to be of any assistance in rendering advice to his lawyer. It seems to us that the court should have granted the motion. In support of our conclusion here expressed, we refer to the following cases: Graham v. State, 72 Tex. Cr. R. 9 (160 S. W. 714) ; and Reid v. State, 138 Tex. Cr. R. 34 (133 S. W. 2d 979). While these cases are not exactly, in all respects, like the instant case, the doctrine announced in each of the cases is applicable here.

By Bill of Exceptions No. 4 appellant complains of the action of the trial court in permitting the district attorney, over his timely objection, to inquire of appellant if in the year 1940 his wife didn't obtain a divorce from him. Appellant objected thereto on various grounds. The court overruled the objection to which appellant excepted. The court qualified the bill by stating that he admitted it for the purpose of impeachment of appellant and refers to the statement of facts relating to the subject of the inquiry. While it is true that a divorce was obtained in the year 1940, appellant and his wife had settled their differences and had become reconciled, remarried in January 1944, and lived happily together since said time until October 14, 1946; that prior to the year 1940 they did not get along so well.

By Bills of Exception Nos. 5 to 17 he complains of the action of the trial court in permitting the state, over his timely objection, to question him relative to a certain letter purportedly written to him by Peggye Barrack in January, after the episode in the month of October, and then permitting the introduction

of a copy of said letter which, among other things, contained the following statement: "You know something, between you and me, you are sick, not only with jealousy, but with ugliness. You made a horrible mistake to wreck your own home. Frankly, you have made an ass out of yourself." Appellant not only objected to the inquiry pertaining to matters contained in the copy of the letter but also objected to its introduction upon every conceivable ground. The court overruled all objections to which appellant excepted. However, something like five hours later the court withdrew said letter and instructed the jury not to consider the same. It occurs to us that appellant's objections were well founded. The contents of the letter should not have been permitted to go to the jury. We do not think that the belated withdrawal of the letter from the jury erased the evil effect thereof. Especially is this true when we consider the discussion of the letter by the assistant district attorney in his closing argument calling the jury's attention to the statement contained therein, notwithstanding the court had withdrawn the same. Appellant, in due time, objected to the argument on the ground that it was a discussion of a matter that had been withdrawn by the court from the jury; that it was not based on any evidence then before the jury; that it was highly inflammatory and prejudicial. The objections were overruled and he excepted to the ruling of the court. It occurs to us that when the court overruled the objections, the jury was justified in assuming that they had the right to consider any and all statements contained in the copy of the letter in question. The court's failure to respond to the objection, in our opinion, constitutes such error as calls for a reversal of this case. In support of what we have said here, we refer to the case of Sandoval v. State, 149 Tex. Cr. R. 547 (196 S. W. 2d 517) ; Stephens v. State, 80 S. W. 2d 980; and Dawson v. State, 38 Tex. Cr. R. 9, (40 S. W. 731).

By Bill of Exceptions No. 19 he complains of the action of the trial court in permitting the state, on cross examination of Mrs. McCormick who was one of appellant's character witnesses, to inquire of her whether or not she had ever heard of appellant's wife having him put under an injunction to keep him from bothering her. Appellant objected and while addressing his objection to the court the district attorney remarked, "It is not prejudicial and he knows it." The court sustained the objection and instructed the jury not to consider the same. However, appellant contends that the inquiry coupled with the remark and conduct of the assistant district attorney was highly improper and so prejudicial that the court should have re-

sponded to his request to enter a mistrial. It occurs to us that in view of the fact that the court promptly sustained the objection and instructed the jury not to consider the same, no reversible error is reflected by the bill.

All other matters complained of have been considered and are deemed to be without merit.

For the error herein pointed out, the judgment of the trial court is reversed and the cause is remanded.

Opinion approved by the court.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

The state has filed a lengthy and forceful motion for rehearing in which many pages are devoted to our observations regarding the action of the trial court in not postponing or continuing the case after the death of appellant's father. The reversal was not predicated upon that incident. The early approach of the end of our present term precludes further consideration of that point, and it could not arise upon another trial.

The reversal was based upon what we thought was a serious error in admitting in evidence a letter, or copy thereof, written to appellant by one, Peggye Barrack, and the cross-examination of appellant over objection relative to certain statements in the letter, and the argument of one of the assistant district attorneys referring to some language found in the letter.

A further examination of the record leads us to believe that the insistence of state's counsel that the letter was admissible and that the action of the court in finally withdrawing it from the jury was an error against the state arises from a misconception of the state's part that the letter from Mrs. Barrack was in direct reply to one written her by appellant. If this were true, there would be authority sustaining the state's contention. However, we find that the letter written by Mrs. Barrack is dated January 6, *1946*, and the one from appellant to her is dated January 4, *1947*. The 1946 letter could not possibly be in reply to the one written a year later. This confirms us in our original view that the letter ought not to have been admitted in the first instance, and that the subsequent withdrawal of it did not cure the error in its admission, especially so when con-

sidered in the light of the complained of argument which used some of the exact harmful language found in the letter.

Believing the case was properly disposed of originally, the state's motion for rehearing is overruled.