HENRY C. JUNIOR V. STATE

No. 29,273. November 27, 1957.

*Harkness & Friedman,* by *B. Friedman,* Texarkana, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for assault with intent to murder; the punishment, seven years in the penitentiary.

The assaulted party testified that while he was seated in a cafe the appellant asked him to come to where he was as he wanted to talk to him. When the assaulted party approached, the appellant said, "You been talking about me," which was denied, then the appellant drew a pistol from his clothing and, as the assaulted party ran through the door going into the kitchen, appellant shot him below the left shoulder in the back. He further testified that he remained in the hospital over two weeks and that his right leg was stiff.

The state called other witnesses whose testimony corroborated that of the assaulted party.

Appellant's written statement was introduced in evidence and it corroborates the assaulted party's testimony of what occurred at the time of the shooting. It further states that the appellant heard the assaulted party, shortly before the shooting, tell others that he "tried to be a smart nigger" which made him mad and he made up his mind to kill him, then went home, got his pistol and began looking for the assaulted party with the intention of killing him.

Appellant did not testify but called his mother who testified that she saw the assaulted party shortly before the shooting in another cafe, that he was drinking beer, and she heard him say that the appellant tried to be a "smart nigger;" and that they were going with the same girl.

Two other witnesses called by the appellant testified that his general reputation for being a peaceable and law abiding citizen was good.

The evidence is sufficient to support the verdict of the jury.

Appellant in his brief contends that when the trial court declined to approve his bills of exception he should have marked them refused and returned them, and his failure to do so authorizes the consideration of this court of his bills as originally presented instead of the court's bills.

The record shows that the trial judge examined the bills of exception presented by the appellant, found them to be incorrect, then qualified and approved them. He called counsels' attention to the qualifications and to which they did not agree and duly excepted thereto. Next the trial judge approved the bills as presented and qualified as the court's bills.

It appears that the appellant by declining to agree with the court's qualifications and timely and duly excepting thereto treated the court's action as a refusal of his bills as presented, although they were not marked refused and returned. Appellant failed to file any bystanders' bills.

The record does not authorize the consideration of appellant's bills as originally presented. The court's bills must control.

Appellant complains of the action of the court in overruling his motion for a continuance on the ground that he was sick

and was unable to stand trial or assist his attorneys with the trial.

It is certified in the court's bill that the first certificate of the doctor dated about one week before the trial stated that appellant "possibly" would not be able to go to trial, but a later certificate by the same doctor, which the state introduced, states that he had re-examined the appellant and he was able to stand trial; that appellant attended court on Monday morning before his case came to trial on Tuesday; and that the appellant conversed with his attorneys in a normal manner during the trial. The refusal of the motion for a continuance was not error.

Appellant contends that the court erred by refusing his motion for a new trial based on the district attorney's opening remarks to the jury, to the effect that it was his opinion the appellant was guilty and that he believed he was guilty, because such argument was improper and highly prejudicial.

The court's bill set out the argument complained of. It shows that when the state's attorney referred to the charge submitting the offense of assault with intent to murder, he said, "Just exactly what I think he is guilty of." Upon appellant's objection and request, the court instructed the jury not to consider what the prosecuting attorney thought about the case. The state's attorney further said, according to the court's bill, that the jury's opinion would closely parallel his opinion "based strictly on the evidence I brought you from the witness stand."

In view of the court's instruction to the jury not to consider what the district attorney thought of the case and the attorney's further statement that it was based strictly on the evidence, the argument complained of does not show error.

In his brief appellant complains of the court's refusal to grant his motion for new trial after the district attorney had attempted to hand appellant's confession to the jurors as they passed from the jury box toward the jury room to deliberate on the case when they had not made any request for its use during their deliberation, because such conduct was calculated to injure the rights of the appellant.

The testimony of Officer Rachell on examination by appellant's attorney concerning the above complaint is set out in the court's bill. His testimony shows that, while the jury was passing out, the district attorney attempted to hand him a piece of

paper and asked him to inquire of the judge if it was all right for the jury to have it, but that he never took the paper; and that the statement of the district attorney was not within the hearing of the jury. The bill further certifies that the trial court offered to recall the jury and instruct them that if they heard any remarks by the district attorney to Officer Rachell to disregard them, and that appellant's attorneys objected to recalling the jury, and so instructing them. We perceive no error in this complaint.

The other contentions of the appellant have been carefully considered and they do not reflect error.

The judgment is affirmed.

Opinion approved by the Court.