Mary J. CHANCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 50267.

Court of Criminal Appeals of Texas.

Oct. 22, 1975.

Stan Brown, Abilene, for appellant.

Ed Paynter, Dist. Atty., Jim Smart, Asst. Dist. Atty., Abilene, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from an order revoking probation.

Appellant was convicted of the misdemeanor offense of swindling by check and her punishment was assessed at two years' confinement in the county jail. Imposition of the sentence was suspended and probation granted. Subsequently, probation was revoked upon the findings of the trial court that the appellant had violated the terms of her probation by committing theft by check and by leaving the county without the permission of her probation officer, as alleged in the motion to revoke.

Appellant contends that the trial court abused its discretion in overruling her motion for continuance. The ground for the motion was that she was "physically and mentally unable to go through such hearing at this time and moreover would probably not survive in the event the outcome of such hearing were to go against her."

The trial judge filed "Findings of Fact and Conclusions of Law" detailing the various mental and physical maladies from which the appellant was suffering at the time of the hearing. These included anxiety, depression, hysteria, emphysema, coronary problems, hypertension, numbness in her right side, chest pains, shortness of breath, and obesity. Also enumerated are the types and dosages of her medication.

The findings and conclusions state, in part:

"4. That Defendant showed some signs of improving during the 17-day period of treatment by Mr. Showbarger and Dr. Cooke and would probably continue to improve with such treatment.

"5. That it would be possible, by continuing such treatment, that Defendant would return to a more normal state within a period of two months from the date of the hearing, August 22 and August 23, 1974.

"6. That the average person at the date of this hearing would probably not be in such a state of anxiety as Defendant.

"  .   .   .

"13. That due to all of the above and foregoing conditions the Defendant's ability to assist her counsel had been greatly diminished."

There was evidence presented at the hearing on the motion for continuance to support each of the findings. Parts of the testimony of appellant's psychologist substantiated the statements contained in paragraphs 4–6 above, although other parts were ambivalent. Appellant's attorney testified that, "[B]ased upon what I have learned . . . I can state for a fact that the defendant is unable to adequately assist me in handling this hearing on this date. . . ." At least one recess was necessitated by appellant's condition.[1]

On the other hand, the appellant attended both the hearing on the motion for continuance and the hearing on the revocation of her probation. She testified at both hearings and withstood cross examination, maintaining throughout a consistent defensive theory. Her testimony was reasonably lucid and coherent. Her attorney developed and argued all relevant issues, called several witnesses, and generally appeared familiar with the case.

 It is well established that the disposition of a motion for continuance based upon equitable grounds lies in the sound discretion of the trial court. *Ward v. State*, Tex.Cr.App., 520 S.W.2d 395; *Hernandez v. State*, Tex.Cr.App., 492 S.W.2d 466; *DeLao v. State*, Tex.Cr.App., 489 S.W.2d 613. See Article 29.03, V.A.C.C.P. From the above discussion of the evidence and events at both hearings, it is obvious that if we were confronted only with the bare refusal of the trial court to grant the continuance, we would not disturb the implied findings of fact. The court was in the best position to assess the evidence and had an ample basis for such implied findings. See *Compton v. State*, Tex.Cr.App., 500 S.W.2d 131; *Junior v. State*, 165 Tex.Cr.R. 332, 307 S.W.2d 262;

*Dix v. State*, 142 Tex.Cr.R. 607, 155 S.W.2d 923; *Gunn v. State*, 119 Tex.Cr.R. 248, 44 S.W.2d 699; *Tysinger v. State*, 112 Tex. Cr.R. 4, 13 S.W.2d 698. For the same reasons, we will not disturb the judge's written findings of fact arrived at after the hearing, when he had the entire record before him and the memory of the proceedings in mind. A finding that the ability of a defendant to assist his counsel has been greatly diminished, in conjunction with findings that improvement in his condition is expected within a reasonable time, entitles a movant to a continuance. Cf. *Compton v. State*, supra; *Mayfield v. State*, 153 Tex. Cr.R. 526, 221 S.W.2d 281. *Reid v. State*, 138 Tex.Cr.R. 34, 133 S.W.2d 979; *Graham v. State*, 72 Tex.Cr.R. 9, 160 S.W. 714; *Streight v. State*, 62 Tex.Cr.R. 453, 138 S.W. 742. Hence, an abuse of discretion has been shown.

The judgment is reversed and the cause remanded.

DOUGLAS, J., not participating.

---

1. The record does not reflect the duration of the recess, but the trial court without request interrupted cross examination of a

State's witness and declared: "We will recess for about ten or fifteen minutes to see if you can help Mrs. Chance."