IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-91-496-CR




JONATHAN ZIEGNER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0911729, HONORABLE JON N. WISSER, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of aggravated sexual assault and assessed punishment
at imprisonment for life and a $10,000 fine. Tex. Penal Code Ann. § 22.021 (West 1989). We
will affirm.

 The complaining witness was awakened during the night by the sound of a door
slamming in her house. Suddenly, a man was on top of her in the bed with his hand over her
mouth. As the complainant struggled, the man, identified at trial as appellant, repeatedly told her
to "shut up," once adding that if she did not, "you are going to be leaving." The complainant
understood this as a threat to kill her. Appellant removed the victim's clothes and began sexual
intercourse. He also bit the complainant on her chest and lip. The complainant's crying seemed
to anger appellant. He called her "bitch" and told her that he would give her "something to cry
about." He turned her on her stomach and penetrated her anally. As he did this, appellant pulled
the complainant's hair very hard and told her, "Louder bitch."

 After this had gone on for some time, appellant picked up the complainant, threw
her over his shoulder, and carried her outside. The victim testified, "I saw a car and I thought
he was going to take me and put me in the car and I thought he was going to kill me and leave me
somewhere." In fact, appellant took her to his house, which was across the street from the
complainant's. There, appellant struck the complainant and forced his penis into her mouth. 
Eventually, appellant allowed the complainant to go home.

 In point of error two, appellant contends the evidence is legally insufficient with
respect to the aggravating element of the offense. The indictment alleged that appellant
"intentionally and knowingly by acts and words place[d] [the complainant] in fear that serious
bodily injury and death and kidnapping would be imminently inflicted on [her]." See Penal Code
§ 22.021(a)(2)(A)(ii). The charge to the jury tracked the indictment, substituting the disjunctive
"or" for the conjunctive "and." Appellant concedes that the evidence shows that the complainant
was placed in fear of serious bodily injury or death, but urges that the evidence does not support
the conclusion that appellant intentionally or knowingly placed her in such fear.

 Aggravation pursuant to § 22.021(a)(2)(A)(ii) is ordinarily established when the
evidence shows that the complainant was placed in fear of the imminent infliction of death, serious
bodily injury, or kidnapping, and when the acts or words of the defendant were sufficient to place
a reasonable person in the complainant's circumstances in such fear. Baker v. State, 797 S.W.2d
406, 410 (Tex. App.--Fort Worth 1990, pet. ref'd); Dacquisto v. State, 721 S.W.2d 603 (Tex.
App.--Amarillo 1986, pet. ref'd). But the court's charge in this cause, in conformity to the
indictment, required the jury to find that the defendant intended or knew that his acts or words
would place the victim in fear of death, serious bodily injury, or kidnapping. This Court must
measure the sufficiency of the evidence by the charge that was given. Marras v. State, 741
S.W.2d 395, 408 (Tex. Crim. App. 1987); Boozer v. State, 717 S.W.2d 608, 610 (Tex. Crim.
App. 1984).

 Intent can be inferred from the acts, words, and conduct of the accused. Dues v.
State, 634 S.W.2d 304, 305 (Tex. Crim. App. 1982). It is presumed that a person intends the
natural and probable consequences of his voluntary acts. Emerson v. State, 662 S.W.2d 92, 96
(Tex. App.--Houston [1st Dist.] 1983), aff'd, 727 S.W.2d 267 (Tex. Crim. App. 1987). Viewing
the evidence in the light most favorable to the verdict, we have no difficulty concluding that a
rational trier of fact could find beyond a reasonable doubt that appellant intentionally or knowingly
placed the complaining witness in fear of imminent serious bodily injury or death. See Jackson
v. Virginia, 443 U.S. 307 (1979); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App. 1981). The
second point of error is overruled.

 In his first point of error, appellant complains of the overruling of his motion for
continuance. In order to understand this point and our disposition of it, a summary of the
procedural history of this cause is required.

 The offense occurred and appellant was arrested in April 1988. In June 1988,
appellant was criminally committed to the Vernon State Hospital after a jury found him
incompetent to stand trial in another cause. See Tex. Code Crim. Proc. Ann. art. 46.02, § 5
(West 1979 & Supp. 1992). In October 1988, the district court adjudged appellant competent to
stand trial. Shortly thereafter, appellant was released from custody and fled. Appellant was
arrested and returned to Travis County in January 1990, but a jury subsequently found him
incompetent to stand trial in this cause and he was returned to the Vernon State Hospital on a civil
commitment. See Tex. Code Crim. Proc. Ann. art. 46.02, § 6 (West 1979 & Supp. 1992). 
Appellant remained in the hospital until March 1991, when he was returned to Travis County after
being certified competent by the head of the facility.

 The attorney who represented appellant at trial, the third attorney to represent
appellant in this cause, was appointed on March 18, 1991. Appellant remained in the Travis
County jail until August 1991, when he was again criminally committed to the Vernon State
Hospital following a finding of incompetence in another cause. After one month, appellant was
again certified competent and returned to Travis County. Appellant arrived in Austin from
Vernon on October 3. 

 A hearing to determine appellant's competence to stand trial was set for October
7, 1991, with the trial of this cause to follow if appellant was found competent. On October 7,
counsel filed a motion for continuance which was overruled after a short hearing. The same day,
a jury was empaneled to determine appellant's competence to stand trial. A verdict of competence
was returned on October 9, after which jury selection for the trial of this cause immediately
began.

 Appellant argues that because he was legally incompetent to stand trial when
counsel was appointed in March 1991 and remained so until the jury's finding of competence on
October 9, counsel could not, as a matter of law, properly or effectively consult with appellant
to prepare for trial. Appellant relies on the presumption of incompetence to stand trial that arises
from a prior, unvacated adjudication of incompetence. See Manning v. State, 730 S.W.2d 744,
748 (Tex. Crim. App. 1987). But this presumption is merely a device for allocating the burden
of proof at a subsequent hearing on restoration of competence. Id. The presumption is not
evidence that the defendant is in fact not capable of consulting with counsel.

 Appellant also contends that his trial counsel did not have adequate time to prepare
for the competency hearing and trial because appellant was returned to Travis County from the
Vernon State Hospital only three days before the proceedings began. This argument ignores the
fact that trial counsel was appointed in March 1991, over five months before the motion for
continuance was filed. We are referred to no evidence that trial counsel was unable to adequately
consult with appellant during this entire five-month period.

 The record suggests that appellant, for whatever reason, was an uncooperative
client. Lack of cooperation is not, however, the same thing as an inability to consult with counsel
with a reasonable degree of understanding. Further, appellant's refusal to cooperate with counsel
did not mean that counsel was unable to adequately prepare for the competency hearing and trial. 
The record shows that during the months following his appointment, trial counsel filed numerous
motions, including a motion for discovery and inspection of appellant's medical records, which
was granted, a motion for funds for an investigator, which was granted, and a motion to appoint
a disinterested expert to examine appellant, which was also granted. The record demonstrates that
counsel could and did take steps to prepare himself for the hearing on appellant's competence and
for the trial of the indictment.

 Finally, appellant argues that, as a matter of law, his appointed attorney should
have been given ten days to prepare for the criminal trial after the jury found him competent to
stand trial. Appellant cites no authority for this proposition. The relevant statutes do not contain
such a requirement. Tex. Code Crim. Proc. Ann. art. 1.051(e) (West Supp. 1992), art. 46.02,
§ 5(h), (k) (West 1979).

 Appellant's motion for continuance was addressed to the sound discretion of the
district court. Taylor v. State, 612 S.W.2d 566, 570 (Tex. Crim. App. 1981); Chance v. State,
528 S.W.2d 605, 607 (Tex. Crim. App. 1975); Tex. Code Crim. Proc. Ann. art. 29.03 (West
1989). The statements in the motion for continuance were not self-proving. Taylor, 612 S.W.2d
at 570. The district court has not been shown to have abused its discretion by overruling
appellant's motion for continuance. Point of error one is overruled.

 The judgment of conviction is affirmed.


[Before Chief Justice Carroll, Justices Jones and Kidd]

Affirmed

Filed: November 18, 1992

[Do Not Publish]