NUMBER
13-01-00490-CR

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B
EDINBURG

 

PATSY HUNT,                                                                    Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                       Appellee.

 

     On
appeal from the County Court at Law of Liberty County, Texas.

 

 

                                   O
P I N I O N

 

                  Before
Justices Dorsey, Hinojosa, and Rodriguez

                                 Opinion by
Justice Hinojosa

 








A jury found appellant,
Patsy Hunt, guilty of the offense of resisting arrest, and the trial court
assessed her punishment at one year confinement in the county jail and a
$1,200.00 fine.  However, the trial court
suspended the confinement and placed appellant on community supervision for a
term of two years.  By two points of
error, appellant contends the trial court abused its discretion by refusing to
give her additional time to locate exculpatory evidence and the jury=s verdict is against the
great weight of the evidence.  We affirm.

                                                A.  Background

 On April 16, 2000, Liberty County Sheriff=s Department Deputies
Brett Audilet and John Rountree responded to a disturbance call.  When they arrived at the scene, Audilet and
Rountree encountered appellant struggling with a male.  Rountree asked both individuals to stop and
walk to him.  The male walked toward him,
but appellant walked away toward a fence, uttering obscenities at people
gathered behind the fence.  After
appellant did not respond to Rountree=s request that she walk
toward him, Audilet attempted to arrest her. 
Appellant resisted and had to be physically restrained.

Appellant testified she
did not know she was under arrest and that she offered resistance only after
being assaulted by the deputies.  On the
second day of the trial, appellant subpoenaed her book-in records and
photograph.  The trial court granted
appellant a recess which lasted one hour and forty minutes, to locate the
records and photograph.  During the recess,
the State provided appellant with the book-in records, but the records did not
contain any photographs.

After the recess,
appellant asked the trial court for another recess, to find out why the book-in
records did not contain any photographs. 
The State informed the trial court that it had provided appellant with
all the book-in records.  The following
then occurred:

Prosecutor:            But there=s no evidence, Judge,
that there was a photograph taken.  As
far as we know at this particular juncture, there is no photograph that was
taken of Ms. Hunt in book-in.

 








The Court:             Well, the
Defendant testified, as I recall, that at the hospitals where she went, they
made photographs of her.  Are those
available?

 

Defense Attorney: I don=t know.  I subpoenaed all of their records, and they
didn=t bring photographs,
either.          

 

                                              * * * * *

 

The Court:             You have
medical records that reflect what you were attempting to show by those
photographs; isn=t that correct?

 

Defense Attorney: Yes , sir, I certainly do. 


 

The trial
court then denied appellant=s request for another
recess.

                B.  Denial
of Request for Another Recess 

In her first point of error, appellant contends the trial court abused
its discretion by refusing to grant her request for additional time to secure
exculpatory evidence, to wit: the book-in photograph.








In Munoz
v.  State, we noted that an
argument in equity can be made against the erroneous denial of counsel=s oral motion to recess
the trial.  See
Munoz v.  State, 24 S.W.3d 427, 431 (Tex. App.‑‑Corpus
Christi 2000, no pet.). 
"[A] motion for continuance, based on equitable grounds rather than
statutory grounds, is entirely within the sound discretion of the court, and
will only call for reversal if it is shown that the court clearly abused its
discretion."  Alvarado v. State,
818 S.W.2d 100, 103 (Tex. App.BSan Antonio 1991, no
pet.) (citing Hernandez v. State, 492 S.W.2d 466, 467 (Tex. Crim. App.
1973)); see Collection Consultants, Inc. v. State, 556 S.W.2d
787, 795 (Tex. Crim. App. 1977); Chance v. State, 528 S.W.2d 605, 607
(Tex. Crim. App. 1975); Coleman v. State, 481 S.W.2d 872, 873 (Tex.
Crim. App. 1972); Ward v. State, 427 S.W.2d 876, 881 (Tex. Crim. App.
1968); Darty v. State, 193 S.W.2d 195 (Tex. Crim. App. 1946).  Therefore, the trial court's decision will
only be overturned if there was an abuse of discretion.  Munoz, 24 S.W.3d at
431-32.  To establish abuse of
discretion, appellant must show that she was actually prejudiced by the denial
of her motion.  Vasquez
v. State, 67 S.W.3d 229, 240 (Tex. 
Crim.  App.  2002) (statutory
motion for continuance; defendant did not show prejudice because defendant did
not show that he was unable to procure a helpful witness that he could have
procured had he been granted a continuance).

Appellant contends she
was prejudiced by the court=s denial of her request
for a recess because the introduction of the photograph would have:  (1) provided proof of the condition of
appellant at the time she was booked in, (2) given credence to appellant=s testimony, and (3)
impeached Deputy Audilet=s testimony regarding
the existence of the photograph.

We conclude appellant
was not prejudiced by the trial court=s denial of her request
for a recess.  Appellant testified that a
book-in photograph was taken. The record shows that medical records were
introduced into evidence which reflected appellant=s condition after the
book-in, and they corroborated appellant=s testimony. 








Furthermore, appellant
requested a recess for an indefinite period of time to locate the book-in
photograph, in contrast to a short delay of trial.  See White v. State, 982 S.W.2d 642,
647 (Tex. App.BTexarkana 1998, pet. ref=d); Deaton v. State,
948 S.W.2d 371, 373 (Tex. App.BBeaumont 1997, no pet.)
(delay of less than one hour); Petrick v. State,
832 S.W.2d 767, 771 (Tex. App.BHouston [1st Dist.]
1992, pet. ref=d) (delay of no more
than two and one-half hours). 
Appellant's request was oral and unsworn.  The code of criminal procedure permits a
continuance only upon a written sworn motion. 
Tex. Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). 
The court of criminal appeals has stated:  A[a] motion for
continuance not in writing and not sworn preserves nothing for review.@  Dewberry v. State, 4 S.W.3d 735, 756 (Tex.
Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000); see also Mosley
v. State, 960 S.W.2d 200, 206 (Tex. App.BCorpus Christi 1997, no
pet.).

We hold the trial court
did not abuse its discretion in denying appellant=s request for an additional recess.  We overrule appellant=s first point of error. 

                                          C.  Factual
Sufficiency

In her second point of
error, appellant challenges the factual sufficiency of the jury's verdict as
being against the great weight of the evidence.

When we review the
factual sufficiency of the evidence, we view all the evidence in a neutral
light, favoring neither party.  Vasquez, 67 S.W.3d at 236; Johnson v. State, 23
S.W.3d 1, 7 (Tex.  Crim. App.
2000).  Evidence is  factually insufficient if it is so
weak as to render the conviction  clearly
wrong and manifestly unjust, or if the adverse finding is against the great
weight and preponderance of the available evidence.  Johnson, 23 S.W.3d
at 11.  In performing this review,
we are to give due deference to the fact finder's determinations.  Vasquez, 67 S.W.3d
at 236; Johnson, 23 S.W.3d at 8‑9.  The appellate court should not substantially
intrude upon the jury's role as the sole judge of the weight and credibility of
witness testimony.  Vasquez, 67
S.W.3d at 236 (citing Wesbrook v. State, 29 S.W.3d 103, 112 (Tex. Crim.
App. 2000), cert. denied, 121 S. Ct. 1407 (2001)). 








At trial, appellant
contended her resistence to the arrest was justified under section 9.31(c) of
the penal code.  Tex. Pen. Code Ann. ' 9.31(c) (Vernon Supp. 2002).  Appellant testified the deputies assaulted
her before she resisted arrest.  The
medical records reflect appellant suffered a contusion to the head.  However, the deputies testified that the use
of force, if any, occurred only after appellant resisted arrest.  Furthermore, the deputies
testified appellant appeared to be intoxicated. 


We cannot say that the
evidence is so weak as to render the conviction clearly wrong and manifestly
unjust, or that the adverse finding is against the great weight and
preponderance of the available evidence. 
As the sole judge of the weight and credibility of witnesses= testimony, the jury
obviously gave more weight and credence to the officers= testimony than to
appellant=s testimony.  See Vasquez, 67
S.W.3d at 236.  Accordingly, we
hold the evidence is factually sufficient to support appellant=s conviction.  We overrule appellant=s second point of error.


The judgment of the
trial court is AFFIRMED.

 

 

FEDERICO G.
HINOJOSA

Justice

 

Do not publish.  Tex.
R. App. P. 47.3.

 

Opinion delivered and filed this the

30th
day of August, 2002.