QUERNER TRUCK LINES,
INC., Petitioner,

v.

STATE of Texas, Respondents.

PHILLIPS CRANE & RIGGING OF SAN
ANTONIO, INC., et al., Petitioners,

v.

Ben B. SHAW, Individually and as Tax
Assessor–Collector of Bexar County,
Texas, Respondents.

Nos. 16579, 16581.

Court of Civil Appeals of Texas,
San Antonio.

June 23, 1980.

John E. Clark, Thomas M. Thurmond, Cobb, Thurmond, Bain & Clark, San Antonio, for petitioner, Querner Truck Lines, Inc.

Gary Pinnell, San Antonio, for petitioner, Phillips Crane & Rigging of San Antonio, Inc.

Oliver S. Heard, San Antonio, Thomas Goggan, Austin, for respondents.

OPINION

CADENA, Chief Justice.

Petitioners in these cases filed suits in the district court of Bexar County, Texas, seeking to enjoin the sale by respondent, Ben B. Shaw, of personal property of petitioners to satisfy a claim for delinquent taxes.

On June 3, 1980, Ben B. Shaw, in his capacity as tax collector, levied upon and took possession of personal property belonging to petitioner Querner Truck Lines, Inc. On the same day Shaw took similar action concerning personal property of petitioners Phillips Crane & Rigging of San Antonio, Inc., and Delmar Phillips. Respondent Shaw acted in the exercise of the authority vested in him by the provisions of Tex.Rev. Civ.Stat.Ann. art. 7266 (Vernon 1960), which authorizes the summary seizure and sale of personal property on which delinquent taxes are owing.

Subsequently, Shaw posted notice of sale of the seized properties to be held on June 24, 1980.

Querner filed suit seeking declaratory relief and an injunction prohibiting Shaw from holding the proposed sale on June 24,

1980. A similar suit was filed by Phillips Crane & Rigging of San Antonio, Inc., and Delmar Phillips. The two cases were consolidated for the purpose of a hearing on the applications for injunctive relief, and on June 19, 1980, the trial court entered orders denying the applications of all petitioners for temporary injunction. Petitioners have timely filed appeal bonds.

By the proceedings filed in this court petitioners seek an order enjoining the sale of their property, scheduled to take place on June 24, 1980, pending determination on the merits of their appeals from the order of the trial court denying their prayers for temporary injunctions.

Respondents admit that if the sale takes place on June 24, 1980, the appeals from the orders denying temporary injunctive relief will become moot and would require a dismissal of such appeals. This means that unless the sale is prevented our jurisdiction to hear the appeals will be destroyed, since any opinion we might deliver concerning the propriety of the denial of such relief would be meaningless.

Under Tex.Rev.Civ.Stat.Ann. art. 1823 (Vernon 1964), this court may issue all writs necessary to protect its jurisdiction. The power to take such action in response to an original proceeding filed in this court cannot be doubted. *See Riverdrive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2 (Tex.Civ.App.–San Antonio 1974, writ ref'd n.r.e.), where this court enjoined a sale under a deed of trust in order to protect our jurisdiction and preserve the subject matter of the appeal so that whatever decree we might enter in connection with the appeal from the trial court's refusal to temporarily enjoin the sale might be effective.

In the brief filed in opposition to petitioners' applications for injunctive relief from this court, respondents assert that the trial court correctly refused to grant injunctive relief because the grounds urged by petitioners in the trial court as supporting such relief are without merit. Such proposition requires that we, at this time, decide the merits of the appeal. We decline to do so in this case without deciding whether such consideration of the merits of an appeal would be proper in any case.

Respondent, Ben B. Shaw, is enjoined from conducting the sale of the personal property of petitioners levied upon and seized by Ben B. Shaw on June 3, 1980, pending final determination by this court of the propriety of the action of the trial court in denying the temporary injunctions sought by petitioners; provided that petitioners file with our Clerk, no later than 10:00 a. m. June 24, 1980, bonds meeting the following requirements:

The bond to be filed by petitioner, Querner Truck Lines, Inc., shall be in the amount of $18,000.00, with good and sufficient sureties, approved by the District Clerk of Bexar County, Texas, conditioned that Querner Truck Lines, Inc., will pay to the State of Texas, Bexar County and Ben B. Shaw all damages to such respondents in the event this court shall determine that the temporary injunction was properly denied by the trial court.

The bond to be filed by petitioners, Phillips Crane & Rigging of San Antonio, Inc., and Delmar Phillips, shall be in the amount of $13,500.00, with good and sufficient sureties, to be approved by the District Clerk of Bexar County, Texas, conditioned that Phillips Crane & Rigging of San Antonio, Inc., shall pay to respondent, Ben B. Shaw, Tax Collector–Assessor of Bexar County, Texas, all damages in the event this court shall finally determine that the temporary injunction sought by these two petitioners was properly denied by the trial court.