NO. 07-02-0203-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 25, 2003

_____

CINDY MARRIOTT, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B13986-0102; HONORABLE ED SELF, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION

Appellant Cindy Marriott appeals from a judgment revoking her community supervision. She judicially admitted some of the State's alleged violations were true, but, in two issues: (1) contends the court abused its discretion by revoking her community supervision instead of modifying it to require her referral to a substance abuse felony program facility (SAFPF); and (2) asserts that her trial counsel was ineffective in

presenting appellant's need and suitability for treatment in a special needs substance abuse felony program. We affirm the judgment of the trial court.

Pursuant to a plea agreement, appellant was adjudged guilty in 2001 of the felony offense of credit card abuse. She was sentenced to two years confinement, suspended for five years of community supervision. The State filed a motion to revoke her community supervision in February 2002, based on eight alleged violations of its conditions. At the hearing on the State's motion, appellant pled true to five of the eight alleged violations. Following testimony, the court found appellant had also violated the three other conditions of community supervision. The court revoked appellant's community supervision and imposed the original sentence of two years confinement in a State Jail Facility of the Texas Department of Criminal Justice (TDCJ).

Appellate review of a revocation order is limited to determining whether the trial court abused its discretion. *Cardona v. State*, 665 S.W.2d 492, 493 (Tex.Crim.App. 1984); *Jackson v. State*, 645 S.W.2d 303, 305 (Tex.Crim.App. 1983). A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex.Crim.App. 1991) (op. on reh'g). When the standard of review is abuse of discretion and the record contains some evidence to support the decision made by the trial court, we must affirm the trial court's judgment. *See Brumbalow v. State*, 933 S.W.2d 298, 300 (Tex.App.–Waco 1996, pet. ref'd). In a proceeding to revoke probation, the trial judge is the sole trier of facts, the credibility of the witnesses and the weight to be given to particular testimony. *Naquin v. State*, 607 S.W.2d

2

583, 586 (Tex.Crim.App. 1980). A defendant's plea of true, standing alone, is sufficient to support the revocation of probation. *Moses v. State*, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

Appellant acknowledges that her plea of true to one violation of the conditions of her community supervision is sufficient to support the court's order revoking her community supervision. She contends, though, that the court abused its discretion by revoking her community supervision rather than modifying it to require intensive substance abuse counseling. Appellant argues that she met the criteria established by statute and regulations for admission to an SAFPF, but was denied continued community supervision in a treatment program because she refused to admit she had a problem with drugs. Appellant then posits that since neither the desire to participate in an SAFPF nor a belief that one needs treatment are required under the statutory or regulatory criteria, the trial court's decision to revoke her community supervision "apparently" relied on arbitrary and capricious grounds not supported by law. We cannot agree with appellant's contention.

After a hearing on a violation of community supervision, the trial court may continue or modify community supervision and impose a condition that the defendant be placed in a substance abuse felony punishment program. Tex. Crim. Proc. Code Ann. art. 42.12, § 22(a)(4) (Vernon Supp. 2003). The court must make certain affirmative findings, including a finding that the defendant is a suitable candidate for treatment. Article 42.12, § 22(a)(4).

Appellant cites *Ice v. State*, 914 S.W.2d 694 (Tex.App.–Ft. Worth 1996, no pet.), in which the defendant appealed the trial court's judgment requiring him to participate in an SAFPF. While *Ice* may stand for the proposition that a defendant's desire not to participate in an SAFPF does not preclude its imposition as a condition of community supervision, it does not support a contention that the court must honor a defendant's expressed desire to participate in such a program.

There is ample record evidence on which the court could have determined that appellant was not a suitable candidate. Appellant's equivocal testimony concerning her drug problem and her desire to enter an SAFPF, her excuses for her drug use, and her failures to comply with the other terms of her community supervision all reasonably could have led to such a determination by the court. Appellant's testimony fell considerably short of acknowledging a need for drug treatment. She emphasizes that such an acknowledgment is not a requirement for referral to an SAFPF, but she cites no authority suggesting that the court may not consider a defendant's attitude toward treatment in reaching a decision whether to make such a referral.

Further, there is reason to doubt that appellant meets the eligibility criteria established by TDCJ for persons to be placed in an SAFPF. One of the criteria is that the person be physically and mentally capable of uninterrupted participation in a rigorous, stressful and confrontational therapeutic community program. 37 Tex. Admin. Code § 159.1(b) (2003). At the revocation hearing appellant complained of being in constant pain due to problems with her jaw and teeth. When asked why she had not completed her

4

community service, she explained that she had been unable to work due to a problem with her neck, possibly a pinched nerve, which caused her arms to go numb when she attempted to work. Sufficient evidence was presented to raise questions as to whether appellant would be physically able to meet the criteria for placement in an SAFPF.

Moreover, appellant's arguments concerning the trial court's apparent reasons for its decision are speculative. She suggests that the court's questioning of her indicates that the court applied an improper rationale. Presented with evidence sufficient to find a violation of the conditions of community supervision, the court had discretion to determine whether appellant's community supervision should be revoked or whether she should be continued on community supervision and sent to an SAFPF. Tex. Crim. Proc. Code Ann. art. 42.12, § 22(a)(4). The court expressed no findings that support appellant's speculations, and we decline to join in them.

The trial court did not abuse its discretion in revoking appellant's community supervision. Her first issue is overruled.

Appellant's second issue contends trial counsel was ineffective in presenting to the court appellant's need and suitability for treatment in a substance abuse felony program thereby causing the trial court to revoke probation. The standard for reviewing an ineffective assistance of counsel claim was established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (adopted by the Texas Court of Criminal Appeals in *Hernandez v. State*, 726 S.W.2d 53, 55 (Tex.Crim.App. 1986)). Under

*Strickland*, appellant must first demonstrate that her trial counsel's performance was deficient. Secondly, she must show that her counsel's deficient performance was so serious that it prejudiced her defense, rendering the trial unfair, and the verdict suspect. *Strickland*, 466 U.S. at 687; *Lockhart v. Fretwell*, 506 U.S. 364, 113 S. Ct. 838, 122 L. Ed. 2d 180 (1993). In other words, appellant must prove by a preponderance of the evidence that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms and that this deficient performance rendered the result of the proceeding unreliable. *Strickland*, 466 U.S. at 687.

Appellate review of defense counsel's representation is highly deferential and presumes that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex.Crim.App. 2002); *Chambers v. State*, 903 S.W.2d 21, 33 (Tex.Crim.App. 1995). The analysis of effective assistance is undertaken in light of the "totality of the representation" rather than isolated acts or omissions of trial counsel. *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex.Crim.App. 1986). The fact that another attorney may have pursued a different tactic at trial is insufficient to prove a claim of ineffective assistance. *Miniel v. State*, 831 S.W.2d 310, 325 (Tex.Crim.App. 1992).

Appellant argues trial counsel was ineffective because he failed to recognize the impact of appellant's bi-polar illness on the attorney-client relationship and failed to request a continuance in order to better prepare for the hearing. Citing *Chance v. State*, 528 S.W.2d 605 (Tex.Crim.App. 1975), appellant asserts that a continuance would have

6

allowed trial counsel to develop a better working relationship with his client, understand his client's mental illness and provide more time for his client to adjust to his trial strategy. In *Chance*, the Court of Criminal Appeals reversed an order revoking probation because the trial court denied a continuance requested by the defendant's counsel. Counsel testified that his client was not able to adequately assist him because of her physical and mental maladies, and the trial court made an express written finding of fact that her ability to assist her counsel was greatly diminished. While the court's opinion in *Chance* might have provided appellant's counsel with support for a continuance, the opinion does not establish an objective standard of prevailing professional norms by which to criticize counsel's decision not to seek a continuance in this case. Too, the evidence in the record before us falls considerably short of demonstrating that appellant was unable to assist her counsel at the hearing.

Appellant contends trial counsel should have utilized the testimony of an expert in the field of dual-diagnosis to demonstrate how appellant's bi-polar illness was the cause of her failure to comply with the terms and conditions of her community supervision. Appellant also contends her counsel should have investigated dual-diagnosis treatment facilities and presented information on such facilities to the court.

The court was informed that appellant was being treated for a bi-polar condition at the beginning of the revocation hearing. Trial counsel informed the court that he believed appellant was competent to stand trial, and that she understood the consequences of the revocation hearing. Appellant's testimony at the hearing was coherent and responsive to

7

questions asked by her attorney, the State, and the court. Appellant's counsel presented to the court, through appellant's testimony, her desire to be placed in an SAFPF, and her willingness to comply with the demands of such a program.

Appellant is critical of several other aspects of her trial counsel's representation of her. She cites no authority, though, to support a contention that counsel is required to explore or inform the court of every possible option for treatment of a client. She presents neither a persuasive argument nor authority to establish that her counsel's performance fell below an objective standard of reasonableness. None of the evidence presented at the hearing on appellant's motion for new trial warrants that conclusion.

Appellant having failed to establish the first element of her claim of ineffective assistance of counsel, we overrule her second issue. Accordingly, the judgment of the trial court is affirmed.

James T. Campbell
Justice

Do not publish.